198 N.J. Super. 272 (1984)
486 A.2d 1275
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE PARKER, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1984.
Decided November 28, 1984.
*274 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Kathy S. Morrissey, Assistant Burlington County Prosecutor, argued the cause for appellant (Stephen G. Raymond, Burlington County Prosecutor, attorney).
Anderson D. Harkov, Assistant Deputy Public Defender, argued the cause for respondent (Joseph H. Rodriguez, Public Defender, attorney).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on appeal from an order of June 18, 1984 entered in the Law Division dismissing a five-count indictment returned against defendant for aggravated assault. The appeal raises the far-reaching problem of the application of the New Jersey Code of Criminal Justice, N.J. *275 S.A. 2C:1-1 et seq., "Code," to conduct causing a motor vehicle accident with resultant bodily injuries. As will appear the result reached in this case in the trial court is not consistent with other cases on the trial level.
There seems to be no question but that on March 13, 1983 defendant, while operating a motor vehicle in Southampton Township, Burlington County, was involved in an accident with a vehicle operated by Robert Thompson. As a consequence Robert Thompson and his three passengers, Brian Thompson, Michael Thompson and Stephanie Thompson, were injured. An investigation by the New Jersey State Police resulted in two motor vehicle complaints being filed against defendant, one for failure to keep to the right and the other for driving under the influence of intoxicating liquors. We were told at oral argument that neither complaint has been tried. See State v. Dively, 92 N.J. 573, 590 (1983).
In addition to the conventional motor vehicle charges, the matter was presented to a Burlington County grand jury which on June 22, 1983 returned a five-count indictment against defendant for aggravated assault. Count one charged that defendant did, under circumstances manifesting extreme indifference to the value of human life, recklessly cause serious bodily injury to Stephanie Thompson contrary to N.J.S.A. 2C:12-1(b)(1), a second degree offense. The remaining four counts charged that defendant did recklessly cause bodily injury to each of the four Thompsons with a deadly weapon, a pickup truck, contrary to N.J.S.A. 2C:12-1(b)(3), fourth degree offenses.
Defendant conceived that the indictment was defective because in his view the Code was not intended to be applied to motor vehicle accidents. Further he believed that such application was so unexpected that his prosecution for aggravated assault would deny him due process of law. Further defendant thought that the indictment should be dismissed as it involved at most a de minimis infraction of the law. See N.J.S.A. *276 2C:2-11. Consequently he moved to dismiss the indictment. His brief in support of the motion set forth a statement of facts taken from discovery supplied by the State. The State's answering brief also set forth facts concerning the accident the source of which was not identified but which we presume came from the State's investigation of the accident. We were told at oral argument that there was no transcript of the grand jury testimony prepared and supplied to the motion judge.
The motion judge decided the case in a written opinion on March 30, 1984. He said the question before him was: "This criminal proceeding raises for the first time the question of whether a drunk driver who causes an accident resulting in serious bodily harm to another person may be charged not only with motor vehicle violations but also with criminal offenses under the ... [Code]." The judge then described the facts as he understood them. He indicated that defendant while allegedly intoxicated sped his vehicle around a curve on the wrong side of the road and collided with the Thompson car. He then described the injuries which the Thompsons suffered. The judge indicated that a literal reading of the aggravated assault sections of the Code supported the indictment. In reaching this conclusion he pointed to the broad definition of deadly weapon in N.J.S.A. 2C:11-1(c). But the judge noted that in this penal action the statutes were to be strictly construed, though not to the extent of disregarding the manifest legislative intent. He felt that it was questionable whether a motor vehicle should be considered a deadly weapon. He stated that a charge that a defendant deliberately ran his car into another person while intoxicated contains its own contradiction. He noted that a motor vehicle violation is not included within the definition of offense under the Code, N.J.S.A. 2C:1-14(k), because the procedural and sentencing provisions of the Code were not intended to apply to such violations. Thus he considered it obvious that the assault provisions of the Code were not intended to apply to motor vehicle cases.
*277 The judge indicated that only in the case of death by auto had the Legislature expressly made unlawful use of a motor vehicle a crime. N.J.S.A. 2C:11-5(a). He pointed out that death by auto was a fourth degree offense thus punishable by a maximum penalty of 18 months' imprisonment or a fine of $7,500 or both. See N.J.S.A. 2C:43-3; N.J.S.A. 2C:43-6. On the other hand a violation of N.J.S.A. 2C:12-1(b)(1) is a second degree offense with a maximum penalty of ten years in prison or a $100,000 fine or both. N.J.S.A. 2C:43-3; N.J.S.A. 2C:43-6. He thought this treatment incongruous. He also indicated that the Legislature had considered including an offense of reckless endangerment which could include reckless driving in the Code but had not done so. See II Final Report of the New Jersey Criminal Law Revision Commission at 178-179 (1971). He pointed out that while the drunken driving law has been frequently amended (see N.J.S.A. 39:4-50) since the Code had been adopted, the Legislature has never added any motor vehicle offense to the Code. Finally he noted that the effects of applying the Code to motor vehicle violations would be quite consequential. There would simply be too many potential offenses. Even ordinary negligence with a motor vehicle causing bodily injury could be disorderly conduct. N.J.S.A. 2C:12-1(a)(2). In view of his analysis the judge determined that the indictment did not charge offenses under the Code and thus he dismissed it. This disposition rendered defendant's de minimis argument moot. The order of June 18, 1984 from which the State appeals followed.
We agree with much but not all of what the motion judge said as to the law. We are satisfied that the first count of the indictment was valid and should not have been dismissed but that the judge properly dismissed the remaining counts.
We do not think that the judge properly framed the issue. He considered the question to be whether a drunk driver causing bodily injury could be charged with criminal offenses under the Code yet the indictment never suggests that defendant was intoxicated. Thus in framing the question the judge *278 considered the facts. But this matter came on before the court on a motion to dismiss the indictment. The thrust of defendant's argument was that the indictment was insufficient as a matter of law. This was not a case involving a motion to dismiss at the end of the State's case or at the end of all the evidence. It was not even a motion to dismiss based on the insufficiency of the evidence before the grand jury. At oral argument before us the parties indicated that while there was no question but that the accident happened, they were not in agreement on the facts. For example the State asserts that defendant was intoxicated and had a blood alcohol reading of .142% over one and one-half hours after the accident. Defendant's attorney would not agree that his client had been intoxicated. Indeed he is free to challenge the validity of the test at trial. Accordingly we decide this case solely by reference to the indictment. We will not consider this matter on the basis of what we think the evidence at a trial would be likely to establish. See State v. Lopez, 188 N.J. Super. 170, 173 (App. Div. 1983); State v. Bass, 191 N.J. Super. 347, 351 (Law Div. 1983).
We are in agreement with the motion judge that literally all five counts of the indictment charge a crime under the Code. N.J.S.A. 2C:12-1(b)(1) provides that a person who attempts to cause serious bodily injury to another or who purposely, knowingly or under circumstances manifesting extreme indifference to the value of human life, recklessly causes such injury is guilty of aggravated assault. The first count of the indictment charges an offense under this section for recklessly causing serious bodily injury under circumstances manifesting extreme indifference to the value of human life. Neither the statute nor the count mentions a motor vehicle or a deadly weapon. Any method of recklessly causing a serious bodily injury in the circumstances set forth in N.J.S.A. 2C:12-1(b)(1) is within that section. Thus the first count of the indictment on a literal reading of N.J.S.A. 2C:12-1(b)(1) charges an offense under that section.
*279 The remaining counts of the indictment could be sustained by a literal reading of N.J.S.A. 2C:12-1(b)(3). That section provides that a defendant recklessly causing bodily injury to another with a deadly weapon is guilty of an aggravated assault. A deadly weapon is so broadly defined in N.J.S.A. 2C:11-1(c) that there can be no doubt that a motor vehicle may be so classified. We must therefore determine whether any circumstances justify the court from departing from a literal reading of the aggravated assault sections in considering the validity of the indictment.
We see no reason for the first count of the indictment under N.J.S.A. 2C:12-1(b)(1) to have been dismissed. In addition to creating an offense for certain reckless conduct causing serious bodily injury that section includes any type of purposeful or knowing assault causing serious bodily injury. Surely if an operator of a motor vehicle purposely or knowingly runs down a pedestrian intending to cause serious bodily injury and succeeds in his purpose the Legislature must have intended to define such conduct as aggravated assault. And the conduct if criminal will be punishable under N.J.S.A. 2C:12-1(b)(1) for we are aware of no other criminal charge that might be made for such an assault. See II Final Report of the New Jersey Criminal Law Revision Commission at 173-174 (1971). While a purposeful or knowing running over a pedestrian with a motor vehicle could be third degree aggravated assault under N.J.S.A. 2C:12-1(b)(2) such treatment would be dependent upon considering a motor vehicle a deadly weapon, a result which for reasons we set forth infra we decline to reach. Accordingly we conclude a person who purposely or knowingly causes another person serious bodily injury with a motor vehicle violates N.J.S.A. 2C:12-1(b)(1).
We recognize, of course, that defendant is not charged in the first count with purposely or knowingly assaulting Stephanie Thompson but this fact cannot aid him. We cannot possibly splinter N.J.S.A. 2C:12-1(b)(1) so as to include within it purposeful *280 or knowing actions with a motor vehicle but exclude from it reckless conduct with a motor vehicle manifesting extreme indifference to the value of human life. If we did so we would simply be rewriting the section.
We deem it significant that there have been prosecutions for assaults with motor vehicles under both the Code and prior law. See State v. Currie, 41 N.J. 531 (1964); State v. Schutte, 87 N.J.L. 15 (Sup.Ct. 1915), aff'd o.b. 88 N.J.L. 396 (E. & A. 1916); State v. Niemeyer, 195 N.J. Super. 559 (Law Div. 1984) (prosecution under both N.J.S.A. 2C:12-1(b)(1) and N.J.S.A. 2C:12-1(b)(3)); State in the Interest of A.W.S., 182 N.J. Super. 334 (J. & D.R.Ct. 1980), aff'd 182 N.J. Super. 278 (App.Div. 1981) (prosecution under N.J.S.A. 2C:12-1(b)(1)).[1] Our result is consistent with this background. Further in view of these cases and the clear language of N.J.S.A. 2C:12-1(b)(1) defendant's due process contention is without merit. See State v. Moretti, 52 N.J. 182, 192 (1968), cert. den. 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968).
The trial judge gave reasons for departing from the literal reading of the aggravated assault sections but we do not accept them with respect to the first count. It is true that an offense as defined in the Code does not include a motor vehicle violation charged under Title 39. N.J.S.A. 2C:1-14(k). But that does not mean an offense under the Code cannot be committed with an automobile. Surely it would not be argued that a person who runs over a pedestrian with an automobile intending to kill him and succeeds could not be charged with murder. N.J.S.A. 2C:11-3. Unlike the motion judge we see nothing incongruous in the fact that aggravated assault under N.J.S.A. 2C:12-1(b)(1) is a second degree offense and the reckless causing of a death by use of a motor vehicle is a fourth *281 degree offense. N.J.S.A. 2C:11-5. While it is true that the result of a defendant's conduct is obviously more severe in a death than an aggravated assault case, defendant's conduct itself is more culpable when meeting the criteria of recklessness under N.J.S.A. 2C:12-1(b)(1). That section requires the recklessness to be under circumstances manifesting extreme indifference to the value of human life. Simple recklessness causing death will support an indictment under N.J.S.A. 2C:11-5. See State v. Curtis, 195 N.J. Super. 354, 363-365 (App.Div. 1984) (distinction between aggravated and reckless manslaughter).
The fact that the Legislature had considered but rejected inclusion of a provision for reckless endangerment as an offense under the Code does not seem significant to us with respect to the first count. We cannot take this omission to infer that the Legislature intended to exclude the serious misconduct interdicted under N.J.S.A. 2C:12-1(b)(1) from prosecution under that section simply because it was committed with a motor vehicle. Further the fact that the Legislature has adopted many amendments to strengthen the drunk driving laws but has not added motor vehicle violations to offenses under the Code seems to us not to establish anything. An aggravated assault under N.J.S.A. 2C:12-1(b)(1) may be committed by a person who is not intoxicated and a drunken driver might not strike anything or anyone. The aggravated assault and drunken driving laws deal with different subjects. Indeed treating drunken driving as a crime would obviously complicate the many drunken driving prosecutions, for defendants charged with such violations would be entitled to indictment and trial by jury. While we do agree with the motion judge that broad application of the Code to motor vehicle violations could have unwarranted consequences, it seems to us that the first count should nevertheless be sustained. As we have noted guilt of an assault under the count is not dependent upon the defendant using a motor vehicle. Further because of the egregious level of misconduct required for a conviction under N.J.S.A. 2C:12-1(b)(1) *282 it is doubtful that many indictments arising from motor vehicle accidents will ever be returned under that section.
Defendant points out that under Senate Bill 485 (1984) the sponsors propose creation of the offense of assault by auto. The bill provides that if reckless driving results in serious bodily injury the defendant has committed a fourth degree offense. If it results in bodily injury the offense would be disorderly conduct. We do not take this bill to infer that its sponsors are of the view that as the Code is now written a reckless operator of a motor vehicle may under no circumstances commit an offense. The sponsors propose to deal with conduct less culpable than that charged in the first count.
We are in agreement with the motion judge that the four counts for violation of N.J.S.A. 2C:12-1(b)(3) are defective. Again we consider the implications of sustaining or dismissing the indictment. N.J.S.A. 2C:12-1(b)(3) provides that a person is guilty of fourth degree aggravated assault if he "Recklessly causes bodily injury to another with a deadly weapon." N.J.S.A. 2C:12-1(a)(2) provides that a person is guilty of the disorderly conduct offense of simple assault if he "Negligently causes bodily injury to another with a deadly weapon." In our view if a motor vehicle may be a deadly weapon under N.J.S.A. 2C:12-1(b)(3) then it may be a deadly weapon under N.J.S.A. 2C:12-1(a)(2) as well. Under N.J.S.A. 2C:1-14(k) an offense within the Code includes a disorderly conduct offense. Thus if an automobile is a deadly weapon for purposes of an assault offense under the Code, a person guilty of ordinary automobile negligence causing bodily injury would commit a simple assault and battery, an offense under the Code.
Such a construction could lead to results that are far too serious. N.J.S.A. 2C:51-2 provides that a person holding any public office, position or employment, elected or appointed, in this State convicted of an offense shall forfeit his office or position if the offense involves or touches his office, position or *283 employment. Consequently a police officer driving on patrol who negligently caused bodily injury would under the State's position upon conviction for a violation of N.J.S.A. 2C:12-1(a)(2) forfeit his employment. While it is true that a public employee is already at risk of forfeiture of his employment if convicted of an offense touching his employment under N.J.S.A. 2C:12-1(a)(2), it seems to us that the degree of risk would be enhanced many times if negligent driving could be punished under N.J.S.A. 2C:12-1(a)(2). It is common knowledge that there are many automobile accidents, and people who lead lives of unquestioned integrity negligently cause injuries in such accidents. The simple act of driving could, under the State's position, give rise to ongoing exposure under N.J.S.A. 2C:12-1(a)(2). We will read a statute to avoid this absurd result. See Marranca v. Harbo, 41 N.J. 569, 574 (1964).
We further point out that treating a motor vehicle as a deadly weapon under N.J.S.A. 2C:12-1(b)(3) would lead to some incongruity when that section is compared to N.J.S.A. 2C:11-5, dealing with causing a death by reckless driving. Both would be fourth degree offenses. Thus a person who recklessly injures someone with a motor vehicle would, if N.J.S.A. 2C:12-1(b)(3) may be applied to reckless driving, be subject to the same penalty as a person who killed someone even though in both instances his conduct was simple recklessness. We would expect that when conduct on two occasions is equally culpable but results in far difference consequences, the conduct resulting in the more severe consequence should be subject to more severe punishment. Thus if a person purposely or knowingly causes death or serious bodily injury resulting in death he commits the first degree offense of murder. N.J.S.A. 2C:11-3(a)(1) and (2). But the same conduct which by fortune simply results in serious bodily injury is punishable only as the second degree offense of aggravated assault. N.J.S.A. 2C:12-1(b)(1). *284 While we do not suggest that the incongruity we find is controlling in our result, we see some significance in it.[2]
There is an additional more substantial reason why reckless operation of a motor vehicle causing bodily injury should not give rise to an offense under N.J.S.A. 2C:12-1(b)(3). As we have already indicated if such conduct is an aggravated assault under N.J.S.A. 2C:12-1(b)(3) then negligent operation of a motor vehicle causing bodily injury will be a disorderly persons offense under N.J.S.A. 2C:12-1(a)(2). But there are already comparable violations in Title 39 inasmuch as N.J.S.A. 39:4-96 and N.J.S.A. 39:4-97 establish the charges of reckless and careless driving. While there are semantic differences between N.J.S.A. 39:4-97 and N.J.S.A. 2C:12-1(a)(2) and N.J.S.A. 39:4-96 and N.J.S.A. 2C:12-1(b)(3), essentially, except for the requirement of bodily injury under the Code, the motor vehicle violations are comparable to the assault offenses under the Code. N.J.S.A. 39:4-96 and N.J.S.A. 39:4-97 are, of course, used in cases of careless and reckless driving resulting in bodily injuries. In our view the availability of sections providing the means for prosecution under Title 39 in cases of careless and reckless driving distinguishes motor vehicles from other instruments that could be considered deadly weapons under N.J.S.A. 2C:11-1(c).
The order of June 18, 1984 is reversed insofar as it dismisses count one of the indictment. It is otherwise affirmed. The matter is remanded to the Superior Court, Law Division, Burlington County, for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. Inasmuch as defendant's contention that the indictment should be dismissed as involving a de minimis violation was not considered by the motion judge, defendant should be permitted at his option to renew the motion to dismiss on that basis.
NOTES
[1] State v. Niemeyer did not discuss the questions we address here. Of course we partially approve and partially disapprove the prosecutions there. Our opinion in A.W.S. did not address the issues we consider here.
[2] Under Senate Bill 485 (1984) and Assembly Bill 934 (1984) death by auto becomes a third degree offense. While this change if it becomes law would prospectively terminate the incongruity, we would have reached the same result even if death by auto had been a third degree offense on March 13, 1983.