210 N.J. Super. 167 (1986)
509 A.2d 273
EDVIDGE SERIO AND DANNY SERIO, PLAINTIFFS-RESPONDENTS,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 21, 1986.
Decided May 21, 1986.
*168 Before Judges FURMAN, PETRELLA and SKILLMAN.
Dwyer, Connell & Lisbona, attorneys for appellant (Albert C. Lisbona, on the brief).
Pitio & Turetsky, attorneys for respondents (Samuel H. Turetsky, on the brief).
The opinion of the court was delivered by SKILLMAN, J.S.C. (temporarily assigned).
The Automobile Reparation Reform Act (No Fault Act) (N.J.S.A. 39:6A-1 et seq.) provides that a person may be excluded from personal injury protection benefits (PIP) if his personal injuries occurred "while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer." N.J.S.A. 39:6A-7a(1). The trial court concluded *169 that this exclusion does not apply to a driver injured in an accident while attempting to avoid police apprehension for a motor vehicle violation. Since this statutory exclusion was the only defense to plaintiffs' claim for PIP benefits, summary judgment was entered in favor of plaintiffs. We disagree with the trial court's interpretation of N.J.S.A. 39:6A-7a(1) and therefore reverse.
Plaintiff Danny Serio was first observed traveling at a high rate of speed by a Westwood Police patrolman. After clocking the speed of Serio's car with radar at 73 m.p.h., the patrolman activated the overhead and four-way lights on his police car, jumped out of the car and waved at Serio to stop. However, Serio kept on going. The patrolman then made a U-turn and started after Serio but stopped after proceeding a short distance when he realized Serio could not be caught. A patrolman in the adjoining municipality of River Vale, who had heard a police radio broadcast that the Westwood Police were in pursuit of a red Corvette, spotted Serio's car traveling at an estimated 65 m.p.h. through the local streets. The vehicle, driven by a male with a female passenger, passed the officer traveling in the opposite direction. He activated his overhead lights as Serio's car approached him, made a U-turn, activated his siren and began pursuit. Shortly thereafter, Serio lost control of the car, crashing through a gasoline station and into the side of a building. His passenger was killed in the accident and Serio was seriously injured. Serio subsequently pled guilty to a charge of death by auto. N.J.S.A. 2C:11-5.
The vehicle driven by Serio was insured by defendant Allstate under a policy issued to his mother, co-plaintiff Edvidge Serio. Allstate denied plaintiffs' claim for PIP benefits based upon the statutory exclusion, tracked in plaintiffs' policy, for injuries suffered while "seeking to avoid lawful apprehension or arrest by a police officer." N.J.S.A. 39:6A-7a(1). Plaintiffs argue that this exclusion is inapplicable to their claim because the police would not have arrested Danny Serio if they had caught him before the accident and because this exclusion should be *170 construed to apply only to persons seeking to avoid lawful apprehension or arrest for a high misdemeanor or felony.
We recognize that "PIP coverage should be given the broadest application consistent with the statutory language." Amiano v. Ohio Casualty Ins. Co., 85 N.J. 85, 90 (1981). However, we are convinced that plaintiffs' claim falls squarely within the exclusion from benefits authorized by N.J.S.A. 39:6A-7a(1). When the accident occurred, Danny Serio was engaged in high speed flight from police officers who were seeking to apprehend him for speeding and reckless driving. Therefore, he was, in the language of the statute, "seeking to avoid lawful apprehension or arrest by a police officer." N.J.S.A. 39:6A-7a(1). The applicability of this statutory exclusion cannot reasonably be construed, as urged by plaintiffs, to depend on whether the police intended to arrest or to issue a summons to Serio, or on Serio's perception of what action the police would take if they caught him. The statutory exclusion applies to persons seeking to avoid not only "arrest" but also "apprehension." Although these words are used interchangeably in some contexts, the term "apprehension" is commonly understood to refer to the act of taking a person into custody, which may not amount to a formal arrest. Thus, a person may be apprehended for the purpose of on the scene interrogation, see United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), or the issuance of a summons, see Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), without their movement being restricted to the extent required for an arrest. The understanding that "apprehension" and "arrest" may be separate and distinct police actions is also reflected in N.J.S.A. 40:149-1, which authorizes police "to apprehend and arrest" certain offenders. Cf. United States v. Moderacki, 280 F. Supp. 633, 638 (D.Del. 1968) (construing the statutory term "apprehends and effects arrests" as referring to a duty "to locate the offender, detain *171 him when necessary and summon someone to arrest him"). If the Legislature had intended N.J.S.A. 39:6A-7a(1) to have the limited scope urged by plaintiffs, it could have made the exclusion applicable only to drivers "seeking to avoid lawful arrest" and omitted any reference to "lawful apprehension." "It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute." Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969). Therefore, we are satisfied that the Legislature intended N.J.S.A. 39:6A-7a(1) to apply to any driver who is seeking to avoid lawful police apprehension, regardless of whether an arrest would have followed apprehension.
We also note that this high speed chase could have resulted in plaintiff's arrest. N.J.S.A. 2C:29-2b provides that:
Any person, while operating a motor vehicle on any street or highway in this State, who knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle to a full stop is a disorderly person.
Furthermore, N.J.S.A. 2A:169-3 requires a person apprehended for a disorderly persons offense to be taken before a judicial officer. We recognize that the police officer who first sought to stop plaintiff testified that he intended to issue him a summons. However, the pursuit of plaintiff also involved a police chase in another municipality whose officers very well may have planned to arrest plaintiff. In any event, the difficulty of determining after an accident whether the police would have arrested a fleeing driver, or whether that was the perception of the driver, provides further support for our conclusion that N.J.S.A. 39:6A-7a(1) bars recovery of PIP benefits by any driver who has an accident while seeking to avoid lawful police apprehension.
The trial court concluded that the exclusion from PIP benefits of drivers who are "seeking to avoid lawful apprehension or arrest by a police officer" set forth in the second clause of N.J.S.A. 39:6A-7a(1) should be read in light of the first clause of the same subsection, which excludes benefits for *172 injury suffered "while committing a high misdemeanor or felony," and that only a driver who is involved in an accident while seeking to avoid apprehension for a high misdemeanor or felony should be barred from PIP benefits. However, if such a limitation upon the application of N.J.S.A. 39:6A-7a(1) had been intended, the Legislature easily could have included language to express that intent. For example, it could have provided that the exclusion would apply:
while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer [for such an offense] (brackets added)
We consider it unlikely that the omission of a limitation, such as would have been imposed by the words bracketed above, was simply inadvertent. This conclusion is strengthened by the fact that the Legislature expressly considered extending the exclusion from benefits contained in the first clause of N.J.S.A. 39:6A-7a(1) to a driver involved in an accident while committing a motor vehicle offense, specifically drunk driving, but declined to do so. See Iavicoli, No Fault and Comparative Negligence in New Jersey (1973) at 35-36. It appears unlikely that it would escape the attention of legislators who had specifically considered the applicability of N.J.S.A. 39:6A-7a to drunk drivers that the literal terms of the second clause of that section would apply to any alleged offender, including a drunk driver, who subsequently attempted to evade police apprehension.
It is also significant in our view that an attempt to avoid apprehension by the police poses additional risks to the public and greater culpability on the part of the defendant beyond the commission of the underlying offense. Thus, N.J.S.A. 2C:29-2 provides that it is a disorderly persons offense either to prevent a law enforcement officer from effecting an arrest or to knowingly flee or attempt to elude a law enforcement official who signals a driver to stop his vehicle. Furthermore, this fatal accident furnishes tragic testament to the particular dangers of high speed flight from the police. Therefore, it is reasonable to infer that the difference in scope between the first and second clauses of N.J.S.A. 39:6A-7a(1) reflects a legislative determination *173 that motor vehicular flight from the police is conduct which should bar a driver from receiving PIP benefits for any injury suffered in a resulting accident.
Finally, we note that the Legislature has recently expanded the scope of the exclusions from PIP benefits. By the enactment of chapter 362 of the Laws of 1983, the No Fault Act now permits the exclusion from benefits of any person who owns or was the registrant of an automobile that was being operated without PIP coverage and any person who was operating or occupying an automobile without permission of the owner. N.J.S.A. 39:6A-7b(1), (2); cf. Kaplowitz v. State Farm Mutual Automobile Ins. Co., 201 N.J. Super. 593 (Law Div. 1985) (interpreting the effect of N.J.S.A. 39:6A-7 prior to the 1983 amendment). This recent legislative action expanding the scope of exclusions from PIP benefits provides further support for our conclusion that the exclusion contained in N.J.S.A. 39:6A-7a(1) should not be given an unduly narrow construction.
For the foregoing reasons, we reverse the summary judgment in favor of plaintiff entered by the trial court. In addition, since we agree with the view expressed by the trial court during oral argument on the cross motions for summary judgment that the uncontroverted record leaves no doubt that plaintiff was seeking to avoid lawful apprehension by the police at the time of the accident, we remand for the entry of judgment in favor of defendant.[1]
NOTES
[1] Since Serio also pled guilty to charges of death by auto as a result of this accident, PIP benefits might have been denied on the grounds that his injuries occurred while he was committing a "felony" and hence that his claim falls within the first clause of N.J.S.A. 39:6A-7a(1). See Kaplowitz v. State Farm Mutual Automobile Ins. Co., 201 N.J. Super. 593, 598 (Law Div. 1985). We note that the Code of Criminal Justice provides that the reference to a "high misdemeanor" in any statute shall mean crimes of the first, second and third degree. N.J.S.A. 2C:1-4(d). Since death by auto was a crime of the fourth degree on the date of Serio's accident, N.J.S.A. 2C:11-5(b), the accident did not occur while he was committing a "high misdemeanor." Although neither the Code nor the No Fault Act contains a definition of "felony," the Court concluded in State v. Doyle, 42 N.J. 334, 349 (1964) that offenses which are punishable by more than one year in state prison should be treated as common law felonies. Since Serio was convicted of a fourth degree crime as a result of this accident, and fourth degree crimes are punishable by a prison term of up to eighteen months, N.J.S.A. 2C:43-6a(4), the accident could be found to have occurred while he was committing a "felony." Although Serio's claim for PIP benefits might have been denied on these grounds, we find it unnecessary to decide the point since it has not been raised by defendant and we have concluded that in any event the claim was properly denied on the grounds that Serio was seeking to avoid lawful apprehension.