723 A.2d 1253 (1999)
Edward G. STEWART, Plaintiff/Appellant,
v.
ROYAL INSURANCE COMPANY, as representative of the Newark Insurance Company, Defendant/Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1999.
Decided February 26, 1999.
Francis J. Hartman, Moorestown, for plaintiff/appellant (Hartman & Zamost, attorneys; Deirdre K. Hartman, on the brief).
Sharon A. Connors, Philadelphia, PA, for defendant/respondent (Marks, O'Neill, Reilly, O'Brien & Courtney, attorneys; Ms. Connors, on the brief).
Before Judges KING, WALLACE and FALL.
The opinion of the court was delivered by WALLACE, J.A.D.
Plaintiff Edward Stewart appeals from an entry of summary judgment dismissing his complaint against defendant Royal Insurance Company seeking personal injury protection (PIP) benefits. The motion judge held the statutory exclusion for criminal conduct applied to deny plaintiff's claim. On appeal, plaintiff contends he is entitled to PIP benefits as he does not fall within the exclusion in N.J.S.A. 39:6A-7, and that public policy requires the PIP exclusionary provision should not be applied, even if applicable. We hold plaintiff is precluded from recovering PIP benefits because his injuries occurred while committing a high misdemeanor or felony.
*1254 In the early morning hours of September 10, 1995, plaintiff was involved in a one-car accident when his vehicle swerved off the roadway, went into a ditch, and rolled over. The passenger in his vehicle was ejected and died from injuries suffered in the accident. Plaintiff sustained serious head and neck injuries. At the time of the accident, plaintiff's blood-alcohol content was .273 percent, well in excess of the level of .10 percent in N.J.S.A. 39:4-50.1. Plaintiff admitted to consuming a large quantity of alcohol prior to the accident and to driving with a suspended driver's license as a result of a previous drunk driving conviction. Plaintiff was charged with, and pled guilty to, third-degree death by auto, N.J.S.A. 2C:11-5.[1] Pursuant to the plea agreement, plaintiff was sentenced to a noncustodial probationary term with two-hundred-seventy days of community service, alcohol evaluation and treatment, along with appropriate fines and penalties.
Plaintiff was insured by defendant. He sought PIP benefits in accordance with N.J.S.A. 39:6A-4. Defendant denied plaintiff's request relying on the statutory exclusion in N.J.S.A. 39:6A-7 which authorizes exclusion of such benefits where the insured's injuries occurred while committing a high misdemeanor or felony.
Plaintiff then filed a declaratory judgment action seeking a judgment requiring defendant to pay his medical bills resulting from his accident. Following discovery, defendant filed a motion for summary judgment and plaintiff cross-moved for summary judgment. As noted, the motion judge granted judgment in favor of defendant, concluding that benefits were properly denied pursuant to N.J.S.A. 39:6A-7(a)(1).
Neither party urged that the matter was not ripe for disposition by summary judgment under the standards of Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995). See R. 4:46.
Plaintiff urges that his conduct does not fall within the exclusion of N.J.S.A. 39:6A-7. He contends Kaplowitz v. State Farm Mut. Auto. Ins. Co., 201 N.J.Super. 593, 493 A.2d 637 (Law Div.1985), is support for his position and that a finding of coverage is consistent with the public policy of providing the broadest possible personal injury protection. Defendant also cites to Kaplowitz, but as justification for exclusion of plaintiff's claim.
It is clear that personal injury protection coverage is considered "`a social necessity'" and therefore our Supreme Court directs the "`broadest application consistent with the statutory language.'" Lindstrom v. Hanover Ins. Co., 138 N.J. 242, 247, 649 A.2d 1272 (1994) (quoting Darel v. Pennsylvania Mfrs. Ass'n Ins. Co., 114 N.J. 416, 425, 555 A.2d 570 (1989) (quoting Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981))). Moreover, "[i]nsureds are entitled to coverage in accordance with their objectively-reasonable expectations that are supported by any fair interpretation of the law." Ibid.
N.J.S.A. 39:6A-7(a) provides in part:
Insurers may exclude a person from benefits under section 4 and section 10 where such person's conduct contributed to his personal injuries or death occurred in any of the following ways:
(1) while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer; or

* * *
[N.J.S.A. 39:6A-7(a)(1) (footnote omitted).]
Thus, the Legislature has authorized insurance companies to exclude personal injury protection coverage for any person whose conduct contributed to his personal injuries while committing a high misdemeanor or felony. Recently, we noted that "[t]his statute is a strong legislative expression of a public policy to deny PIP benefits to those insureds otherwise covered whose criminal conduct contributed to their injuries." Stevenson v. State Farm Indem. Co., 311 N.J.Super. 363, 377, 709 A.2d 1359 (App.Div.1998).
Plaintiff also urges that his plea of guilty to third-degree death by auto is not dispositive *1255 of the coverage issue here, but instead, we must consider the actual circumstances of the accident. He contends that the underlying wrongful conduct was that of driving under the influence of alcohol, which does not constitute a felony or high misdemeanor. We disagree with this analysis of plaintiff's conduct.
The legislative history of the exclusionary statute demonstrates that "the Legislature expressly considered extending the exclusions from benefits contained in ... N.J.S.A. 39:6A-7(a)(1) to a driver involved in an accident while committing a motor vehicle offense, specifically drunk driving, but declined to do so." Serio v. Allstate Ins. Co., 210 N.J.Super. 167, 172, 509 A.2d 273 (App.Div. 1986) (referencing Iaaviacoli, No Fault and Comparative Negligence in New Jersey (1973) at 35-36). However, that same consideration and treatment was not extended to death by auto under N.J.S.A. 2C:11-5.
We have no doubt that the third-degree crime of death by auto is a "high misdemeanor or felony." Judge Skillman, while in the Law Division, concluded that the reference to high misdemeanor in the exclusion under N.J.S.A. 39:6A-7(a) "embraces any offense treated as a first, second or third-degree crime under the Code of Criminal Justice." Kaplowitz v. State Farm Mut. Auto. Ins. Co., supra, 201 N.J.Super. at 598, 493 A.2d 637. Moreover, N.J.S.A. 2C:1-4(d) expressly provides that "reference in any statute, rule, or regulation outside the code to the term `high misdemeanor' shall mean crimes of the first, second, or third degree and reference to the term `misdemeanor' shall mean all crimes." Consequently, third-degree death by auto, N.J.S.A. 2C:11-5 is a high misdemeanor within the meaning of N.J.S.A. 39:6A-7(a).
Viewing the circumstances here, we are convinced that plaintiff committed the crime of death by auto. This offense is committed when criminal homicide is "caused by driving a vehicle ... recklessly." N.J.S.A. 2C:11-5.[2] The term recklessly is defined in N.J.S.A. 2C:2-2b(3).
A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Recklessness," "with recklessness" or equivalent terms have the same meaning.
We noted in State v. Casele, 198 N.J.Super. 462, 472, 487 A.2d 765 (App.Div.1985), that although intoxication is not a necessary element of the crime of committing death by auto, "defendant's driving while intoxicated may support a determination of recklessness." See also State v. Parker, 198 N.J.Super. 272, 281, 486 A.2d 1275 (App.Div.1984) (simple recklessness causing death will support an indictment under death by auto statute), certif. denied, 99 N.J. 239, 491 A.2d 726 (1985).
Plaintiff admitted at deposition that on the day of the accident he had consumed two rum and cokes at one bar, two beers at the decedent's house, two or three rum and cokes at another bar, then went back to the first bar and had between five and ten more rum and cokes. He consumed his last rum and coke between 1:00 a.m. and 2:30 a.m., just prior to the accident. Plaintiff also acknowledged that his blood alcohol level was.273 percent at the time of the accident and his license had been suspended due to a prior drunk driving conviction. Thus, plaintiff's conduct of driving his car off the road while intoxicated to such a high degree clearly was reckless conduct, amply supporting his conviction of third-degree death by auto. The Law Division judge properly concluded that plaintiff was precluded from receiving personal injury protection benefits because his injures occurred while committing a high misdemeanor or felony.
Finally, plaintiff's contention that public policy requires that the exclusionary provision under N.J.S.A. 39:6A-7 is not applicable *1256 here is without merit and requires no discussion. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] This statute was amended effective December 15, 1995; L. 1995, c. 285, § 1. It is captioned "Death by vehicular homicide" and is now a second-degree crime instead of a third-degree crime.
[2] See note 1.