870 A.2d 691 (2005)
376 N.J. Super. 384
Melanie WALCOTT, Plaintiff-Appellant,
v.
ALLSTATE NEW JERSEY INSURANCE COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 2005.
Decided April 13, 2005.
*692 David Wendel, Springfield, argued the cause for appellant.
Thomas W. Griffin argued the cause for respondent (Litvak & Trifiolis, attorneys; Mr. Griffin, of counsel and on the brief).
Before Judges SKILLMAN, COLLESTER and PARRILLO.
The opinion of the court was delivered by
PARRILLO, J.A.D.
At issue is whether New Jersey's no fault insurance law bars an insured motorist who was intoxicated at the time of the accident from collecting personal injury protection (PIP) benefits for injuries sustained therein. The motion judge answered in the affirmative, finding that N.J.S.A. 39:6A-4.5(b) precludes such first-party recovery. We now hold otherwise.
The facts are straightforward. On February 19, 2001, plaintiff, Melanie Walcott, while operating her automobile insured by defendant, Allstate New Jersey Insurance Company (Allstate), was involved in a one-car collision and sustained bodily injuries requiring medical treatment. In connection with that accident, she was charged with, and pled guilty to driving while intoxicated (DWI), N.J.S.A. 39:4-50, based on Breathalyzer readings slightly in excess of the then legal limit of 0.10%. Subsequently, she filed a claim with Allstate for PIP benefits provided for by her policy pursuant to N.J.S.A. 39:6A-4(a), seeking recovery of medical expenses in the amount of $33,472.16. Allstate refused to pay, claiming that plaintiff was convicted of DWI and, therefore, was ineligible to receive recompense based on the exclusionary language of the policy[1]. In its denial of PIP benefits, Allstate also invoked the statutory bar of N.J.S.A. 39:6A-4.5(b), which provides, in pertinent part, that any person convicted of N.J.S.A. 39:4-50 in connection with a motor vehicle accident "shall have no cause of action for recovery of economic or non-economic loss sustained as a result of the accident." N.J.S.A. 39:6A-4.5(b).
Plaintiff thereafter filed suit seeking PIP benefits pursuant to her Allstate policy. Following Allstate's answer, both parties cross-moved for summary judgment. Plaintiff argued that N.J.S.A. 39:6A-4.5(b) was not applicable to claims for PIP benefits and that the only statutory exclusions for PIP benefits are those set forth in N.J.S.A. 39:6A-7, which does not contain *693 the DWI disqualification. The judge disagreed and dismissed plaintiff's complaint with prejudice, finding the statutory bar of N.J.S.A. 39:6A-4.5(b) applicable to first-party claims for PIP benefits. This appeal follows.
In New Jersey, all owners of motor vehicles registered or principally garaged in this State must maintain liability insurance coverage for bodily injury, death, and property damage caused by their vehicles, N.J.S.A. 39:6B-1, and every policy also must provide "[PIP] benefits" that guarantee, without regard to fault, medical expense benefits to the named insured and his family household members in the event they suffer bodily injury in an automobile accident. N.J.S.A. 39:6A-4. "This system of first-party self-insurance through PIP benefits," enacted pursuant to the New Jersey Automobile Reformation Reform Act (the No Fault Act), L. 1972, c. 70; N.J.S.A. 39:6A-1 to -35, was designed to provide benefits promptly and efficiently to all accident injury victims. Caviglia v. Royal Tours of Am., 178 N.J. 460, 466-67, 842 A.2d 125 (2004); Fu v. Fu, 160 N.J. 108, 121, 733 A.2d 1133 (1999); Gambino v. Royal Globe Ins. Cos., 86 N.J. 100, 105-07, 429 A.2d 1039 (1981). To this end, first-party coverage was "intended to serve as the exclusive remedy for payment of out-of-pocket medical expenses arising from an automobile accident." Caviglia, supra, 178 N.J. at 466, 842 A.2d 125; see also Roig v. Kelsey, 135 N.J. 500, 503, 512, 641 A.2d 248 (1994). Thus, for example, an injured driver with a standard liability policy was barred from suing the tortfeasor for the very PIP benefits reimbursable through his own insurance carrier. Caviglia, supra, 178 N.J. at 467, 842 A.2d 125 (citing Sotomayor v. Vasquez, 109 N.J. 258, 261-62, 536 A.2d 746 (1988)).
Meanwhile, as the no-fault system evolved, in an effort to advance the cost-containment objective and to relieve congestion of court calendars, the Legislature periodically placed further restrictions on the right to sue in automobile accident cases involving third-party claims and uninsured motorist (UM) and underinsured motorists(UIM) claims that are treated as third-party claims. See L. 1983, c. 362; L. 1985, c. 520, § 14; L. 1988, c. 119 §§ 4, 6; L. 1997, c. 151, § 13. These limitations created tort options and subjected motorists to verbal thresholds as a condition to filing a lawsuit for personal injuries. Oswin v. Shaw, 129 N.J. 290, 296, 609 A.2d 415 (1992). Additionally, motorists not carrying the compulsory insurance required by N.J.S.A. 39:6A-4 were restricted in their ability to sue for non-economic damages, that right conditioned at first on meeting a monetary medical expense threshold, L. 1985, c. 520, § 14, and eventually eliminated altogether, L. 1997, c. 151, § 13 (current version at N.J.S.A. 39:6A-4.5).
Significantly, the Legislature addressed exclusions from PIP coverage separately. As part of the comprehensive revision of the No Fault Act effected by the Cost Containment Act in 1984, the new legislation also enlarged the class of people to be excluded from PIP coverage entirely. L. 1983, c. 362; Caviglia, supra, 178 N.J. at 468, 842 A.2d 125. In particular, N.J.S.A. 39:6A-7 denied PIP benefits to those persons whose intentional or criminal conduct contributed to their own personal injuries and to those owners and registrants of New Jersey vehicles who failed to maintain PIP coverage. L. 1983, c. 362, § 10. These, however, are the exclusive statutory debarments to PIP coverage. As such, they must be narrowly construed consistent with the legislative purpose to provide prompt payment of medical expenses, by replacing third-party claims with first-party coverage. Gambino, *694 supra, 86 N.J. at 106-07, 429 A.2d 1039.
In fact, the "Legislature expressly considered extending the exclusion from [PIP] benefits contained in the first clause of N.J.S.A. 39:6A-7(a)(1) to a driver involved in an accident while committing a motor vehicle offense, specifically drunk driving, but declined to do so." Serio v. Allstate Ins. Co., 210 N.J.Super. 167, 172, 509 A.2d 273 (App.Div.1986) (citing Iavicoli, No Fault and Comparative Negligence in New Jersey 35-36 (1973)); see also Stewart v. Royal Ins. Co., 318 N.J.Super. 479, 483, 723 A.2d 1253 (App.Div.1999). Thus, given the opportunity, the Legislature refused to extend the exclusion from benefits contained in N.J.S.A. 39:6A-7 to a drunk driver. Consistent therewith, we have repeatedly indicated that PIP coverage is a "social necessity" and should be given "the broadest application consistent with the statutory language." Id. at 482, 723 A.2d 1253; Serio, supra, 210 N.J.Super. at 170, 509 A.2d 273.
Thereafter, the Legislature continued to grapple with the spiraling costs of automobile insurance and overburdened court calendars. Thus, in 1985, it enacted N.J.S.A. 39:6A-4.5. While Section 7 addresses limitations on first-party claims, Section 4.5 speaks generally to third-party claims and was intended to further "effect `the reduction or stabilization of the prices charged for automobile insurance' and `the streamlining of the judicial procedures involved in third-party claims.'" Rojas v. DePaolo, 357 N.J.Super. 115, 119, 813 A.2d 1288 (Law Div.2002) (quoting Gambino, supra, 86 N.J. at 105-06, 429 A.2d 1039). As originally enacted, Section 4.5 required the uninsured driver to satisfy the most onerous monetary threshold before he was entitled to pursue a cause of action for non-economic damages. L. 1985, c. 520, § 14; Caviglia, supra, 178 N.J. at 469, 842 A.2d 125. In 1997, the Legislature comprehensively amended Section 4.5, as part of the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35, to bar causes of action for both economic and non-economic losses in automobile accident cases to three classes of people: those who operate automobiles without insurance, those who drive under the influence or refuse to submit to a breath or blood test, and those who act with the intent to injure themselves or others while driving. The statute now provides:
a. Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-4] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.
b. Any person who is convicted of, or pleads guilty to, operating a motor vehicle in violation of [N.J.S.A. 39:4-50, -50.4a], or a similar statute from any other jurisdiction, in connection with an accident, shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of the accident.
c. Any person acting with specific intent of causing injury to himself or others in the operation or use of an automobile shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident arising from such conduct.
[N.J.S.A. 39:6A-4.5.]
Only subsection (b) of the amended statute is at issue here.
Plaintiff now contends that the Legislature accomplished in Section 4.5 what it deliberately refused to do in Section 7, namely, make PIP benefits unavailable to insured motorists convicted of DWI. We disagree.
*695 When statutes deal with the same subject, they should be read in pari materia and construed so that, to the extent possible, each can be given its full effect. DePalma v. Bldg. Insp. Underwriters, 350 N.J.Super. 195, 222, 794 A.2d 848 (App.Div.2002). Thus, we have explained that PIP protection and UM terms should be construed as in pari materia. State Farm Mut. Auto. Ins. Co. v. Pizzi, 208 N.J.Super. 152, 155, 505 A.2d 160 (App.Div.1986); see also Handler v. State Farm Mut. Auto. Ins. Co., 253 N.J.Super. 641, 644-45, 602 A.2d 796 (App.Div.1992). Likewise, as part of a shared scheme to streamline the judicial process and generally broaden first-party coverage, N.J.S.A. 39:6A-4.5 and N.J.S.A. 39:6A-7 should be read together in a way that accomplishes this purpose. To this end, "[t]here is need to keep in view ... the structure of the statute, and the relation ... between its several parts." Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 218, 56 S.Ct. 412, 413, 80 L.Ed. 591 (1936). See also State v. Mortimer, 135 N.J. 517, 536, 641 A.2d 257, cert. denied, 513 U.S. 970, 115 S.Ct. 440, 130 L. Ed.2d 351 (1994); Brokenbaugh v. N.J. Mfrs. Ins. Co., 158 N.J.Super. 424, 434, 386 A.2d 433 (App.Div.1978).
In this regard, Sections 4.5 and 7 control categorically different types of claims, completely distinct both in nature and the legislative treatment accorded the disabilities from coverage under each. Thus, Section 4.5 only applies to third-party claims and claims for UM and UIM benefits where the first-party insurer stands in the shoes of the third-party tortfeasor. Krohn v. N.J. Full Ins. Underwriters Ass'n, 316 N.J.Super. 477, 483, 720 A.2d 640 (App.Div.1998), certif. denied, 158 N.J. 74, 726 A.2d 937 (1999); Liberty Mutual Ins. Co. v. Hyman, 334 N.J.Super. 400, 412, 759 A.2d 894 Law Div.2000). Cf. New Jersey Mfrs. Ins. Co. v. McDermott, 201 N.J.Super. 251, 255-56, 492 A.2d 1115 (Law Div.1985). In both instances, the cause of action relies upon the claimant's ability to demonstrate his or her claim for non-economic loss against the tortfeasor in a fault-oriented setting. By contrast, Section 7 involves a first-party claim against an insurer, and the PIP law gives substantial protection for economic loss to one who may be completely at fault. Thus, in Liberty, supra, the court, implicitly distinguishing between the two, found that the uninsured motorist was disabled from collecting PIP benefits under N.J.S.A. 39:6A-7(b), and barred from pursuing a UM claim under N.J.S.A. 39:6A-4.5(a). 334 N.J.Super. at 412, 759 A.2d 894.
Having recognized this critical distinction, courts have never interpreted Section 4.5 to expand the very narrow limitations on PIP benefits imposed under Section 7. And the cases relied upon by defendant and the motion judge do not suggest otherwise. In fact, as already noted, Liberty, supra, in effect acknowledged the essential difference in the types of claims under Sections 4.5 and 7. 334 N.J.Super. at 412, 759 A.2d 894. Likewise, Monroe v. City of Paterson, 318 N.J.Super. 505, 723 A.2d 1266 (App.Div.1999), only concerned an uninsured motorist's ability to recover medical expenses against a tortfeasor in an automobile negligence case. And, in any event, it was not governed by the current version of Section 4.5, which had not even been adopted at the time of the subject injury. Id. at 506, 510, 723 A.2d 1266.
We, therefore, find no basis in the statutory scheme or legislative history to apply Section 4.5's bar to the recovery by drunk drivers of economic and non-economic losses to PIP benefits as well. Indeed, courts have been reluctant to expand the scope of the legislative language beyond its terms. For example, in Rojas, supra, the court declined to add out-of-state residents to *696 the category of those uninsured drivers barred by the statute. 357 N.J.Super. at 119, 813 A.2d 1288. Similarly, in Camp v. Lummino, 352 N.J.Super. 414, 419, 800 A.2d 234 (App.Div.2002), we declined to apply Section 4.5 to bar an underaged plaintiff's common law cause of action against his social host, at whose home he had been drinking before becoming involved in a car accident for which he was seeking damages, reasoning that the lawsuit implicated "no motor vehicle coverage and involve[d] no cause of action which would be subject to coverage under Title 39."
We likewise decline to "enlarge" the specific language of Section 4.5 as defendant suggests. On the contrary, the plain language of that section bars a drunk driver, among others, only from having a "cause of action" for economic or non-economic losses, the former being defined as "uncompensated loss of income or property, or other uncompensated expenses including, but not limited to, medical expenses." N.J.S.A. 39:6A-2(k) (emphasis added). However, plaintiff's medical expenses in this case are compensable under her own insurance policy for PIP benefits, as required by N.J.S.A. 39:6A-4. Therefore, the losses for which she seeks recovery in this lawsuit are not uncompensated losses within the meaning of N.J.S.A. 39:6A-4.5's statutory bar. On this score, we find nothing in the legislative history to suggest either that the current version of N.J.S.A. 39:6A-4.5 changed in any way the pre-AICRA requirement that PIP benefits be paid without regard to negligence, liability or fault of any kind except as provided by N.J.S.A. 39:6A-7, or that this exclusive remedy for recovery of medical expenses was made dependent upon liability for claims against third parties otherwise barred under N.J.S.A. 39:6A-4.5.
The construction we give Section 4.5 is not only consistent with its clear language, but is in keeping, as well, with the statutory mandate that the Act be liberally construed so as to effectuate its purposes, N.J.S.A. 39:6A-16. It also accords with the well-settled principles that "PIP coverage should be given the broadest application consistent with the statutory language," Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981), and any exception to its coverage must be "narrowly construed" consistent with that purpose and "the plain meaning of the language." Gambino, supra, 86 N.J. at 106-07, 429 A.2d 1039. Accordingly, the policy provision at issue here, being at odds with coverage that we find legislatively required, is unenforceable and deemed amended to conform to the statutory standards, entitling plaintiff to PIP benefits. See Ryder/PIE Nationwide, Inc. v. Harbor Bay Corp., 119 N.J. 402, 407, 575 A.2d 416 (1990); Canal Ins. Co. v. F.W. Clukey Trucking Co., 295 N.J.Super. 131, 136, 684 A.2d 953 (App.Div.1996); Parkway Iron & Metal Co. v. New Jersey Mfrs. Ins. Co., 266 N.J.Super. 386, 629 A.2d 1352 (App.Div.1993), certif. denied, 135 N.J. 302, 639 A.2d 301 (1994); Hermann v. Rutgers Cas. Ins. Co., 221 N.J.Super. 162, 165, 534 A.2d 51 (App.Div.1987); Selected Risks Ins. Co. v. Allstate Ins. Co., 179 N.J.Super. 444, 450, 432 A.2d 544 (App.Div.), certif. denied, 88 N.J. 489, 443 A.2d 705 (1981).
Reversed.
NOTES
[1] The policy provides in pertinent part:

Exclusions
The coverage under Part 2 [The section relating to personal injury protection benefits] does not apply to:
a. bodily injury to a person whose conduct contributed to his personal injuries or death in any of the following ways:
...
(3) who is convicted of, or pleads guilty to:
(a) operating a motor vehicle;
...
while the insured ...:
(a) is under the influence of intoxicating liquor or ...
(b) is later found to have a blood alcohol concentration by weight of alcohol in excess of the legal limit of the jurisdiction where the violation occurred.