**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3814-15T1

TROY CHENIER,

    Plaintiff-Appellant,

v.

THE TOWNSHIP OF MEDFORD and
RICHARD J. MEDER, CHIEF OF
POLICE,

    Defendants-Respondents.

_____

Submitted May 3, 2017 — Decided June 29, 2017

Before Judges Accurso and Lisa.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1561-15.

Law Offices of David J. Khawam, LLC, attorneys for appellant (F. Michael Daily, Jr., on the briefs).

Capehart & Scatchard, P.A., attorneys for respondent (Carmen Saginario, Jr., on the brief).

PER CURIAM

Plaintiff, Troy Chenier, a Medford Township police officer, appeals the April 29, 2016 final order issued by Judge Ronald E. Bookbinder denying his motion for summary judgment and dismissing his complaint with prejudice. Plaintiff had risen to the rank of sergeant, but, as a result of a reduction in force for reasons of economy, in April 2012 he was demoted, along with other officers, and placed on a special employment list for restoration to his previous rank whenever a vacancy should occur pursuant to N.J.S.A. 40A:14-143. However, when such a vacancy occurred more than three years later in June 2015, plaintiff was informed by defendant, Richard J. Meder, the Chief of Police, that he could participate in the promotional process, but he would not be granted automatic reinstatement to his former rank of sergeant because he had been twice disciplined for violation of departmental regulations during the intervening period.

Defendants relied on another statutory provision pertaining to police promotions, which required that consideration be given to the merit of the service of an officer proposed for promotion. N.J.S.A. 40A:14-129. Defendants argued that in light of the intervening events since plaintiff's reduction in rank due to economic reasons, the poor merit of his service should serve to disentitle him to the right of automatic reinstatement.

A-3814-15T1

Judge Bookbinder agreed with defendants. He concluded that, because both statutes pertained to the same subject matter of police officer promotions, they must be read together in an effort to give meaning and effect to both of them. He rejected plaintiff's argument that N.J.S.A. 40A:14-143 should take precedence over N.J.S.A. 40A:14-129.

The judge further rejected plaintiff's claim that he was denied due process because he relinquished his right to hearings in the disciplinary proceedings, accepted findings of violations and agreed to the sanctions imposed without notice from the Township that the adverse outcome could result in a denial of automatic reinstatement rights. Judge Bookbinder found from the undisputed facts in the motion record that defendant was represented by counsel in both disciplinary proceedings and was expressly informed that an adverse result in those proceedings could jeopardize his right to automatic reinstatement to the rank of sergeant when a vacancy occurred.

On appeal, plaintiff repeats before us the same substantive and due process arguments. In reviewing a summary judgment disposition, we exercise de novo review. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.), certif. denied, 154 N.J. 608 (1998). The parties do not submit that any material facts are in dispute, and agree the issue before the

court is a matter of law, namely one of statutory construction. Accordingly, our role is to review the summary judgment motion record and decide it anew, owing no deference to the trial court's interpretation of the legal issue as applied to the undisputed facts. Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

We have reviewed the record and the controlling legal principles. We agree with Judge Bookbinder's analysis and conclusion and affirm substantially for the reasons he expressed in his comprehensive written opinion of April 19, 2016.

When plaintiff was reduced in rank for economy reasons, he was designated to the assignment of corporal. The Township ordinance establishing the police department does not list "corporal" as an official rank. However, plaintiff's assignment to the position of corporal vested him with supervisory duties, thus distinguishing him from patrol officers.

The first disciplinary action occurred during the hiatus between plaintiff's reduction in rank and the occurrence of a sergeant vacancy. The charges covered a period of time from February 1 through September 24, 2012, part of which was prior to the reduction in rank and the remaining part subsequent to it. On December 28, 2012, while represented by counsel, plaintiff accepted and agreed to the findings in the disciplinary charges

4

for violating the department's standards of conduct and accepted a two-day suspension and a probationary period of nine months to be served in his position as corporal.

The second set of charges arose out of incidents that occurred on August 2 and 3, 2013, during the intervening period. On those dates, plaintiff was assigned to an outside employment detail at a swimming meet. He was charged with conduct unbecoming an officer for engaging in unprofessional and threatening conduct toward spectators, volunteers, and others in attendance. Again represented by counsel, he waived his right to a hearing and agreed to accept an adverse adjudication and the recommended discipline of nine days suspension (two of which would be held in abeyance for one year), removal from his corporal assignment, reassignment as a patrol officer, and mandatory anger management counseling. In the course of those proceedings, plaintiff was informed that an adverse determination would disentitle him to an automatic right of reinstatement when a vacancy occurred in the rank of sergeant.

N.J.S.A. 40A:14-143 provides that when an officer is demoted for reasons of economy, that officer "shall be placed on a special employment list, and in the case of subsequent promotions, a person so demoted shall be reinstated to his [or her] original rank." Plaintiff urges that the statutory language is clear and

unambiguous, and it leads to an unmistakable result, namely an automatic right to reinstatement.

N.J.S.A. 40A:14-129, applies to "a promotion of any member or officer of the police department or force to a superior position," and requires that "[d]ue consideration shall be given to the member or officer so proposed for the promotion, to the length and merit of his [or her] service." (Emphasis added). Defendants argued that in circumstances in which the quality of an officer's service merit is demonstrably diminished as a result of his or her conduct during the period of demotion for economy reasons, the provisions of this section must be applied.

Indeed, as a result of plaintiff's second disciplinary action, in addition to a suspension, he was stripped of his corporal assignment and ordered to undergo mandatory anger management counseling. Further, because two days of his suspension were held in abeyance for one year, he was, in essence, in a probationary status for a year.

Defendants argued that in these circumstances, an automatic reinstatement would be untenable and could lead to anomalous and even absurd results. If the literal automatic reinstatement language of N.J.S.A. 40A:14-143 were blindly followed, an officer would have a blank check during the intervening period to perform poorly and violate departmental regulations (as long as the

A-3814-15T1

performance was not so egregious as to result in termination) and then be automatically reinstated to a higher rank.

The two statutory provisions implicated in this case are part of subsection D of Chapter 14 of N.J.S.A. 40A. They were both enacted as part of the same recodification of laws. L. 1971, c. 197, § 1, eff. July 1, 1971. The two provisions clearly pertain to a common subject matter dealing with promotion of police officers. As such, the provisions must be read together. Judge Bookbinder recognized this in his written opinion, relying on a decision of this court involving police officers:

> When multiple statutory provisions concern a single issue, "[r]elated parts of an overall scheme can . . . provide relevant context." Williams v. Borough of Clayton, 442 N.J. Super. 583, 595 (App. Div. 2015) (quoting Beim v. Hulfish, 216 N.J. 484, 498 (2014)). "Put another way, in interpreting the plain terms of a statute, a court must 'read them in context with related provisions so as to give sense to the legislation as a whole.'" Ibid. (quoting Beim, supra, 216 N.J. at 498).

We agree. In a recent decision, we have expressed this principle thusly:

> In construing statutes, courts should give effect to each provision and they should be "interpreted so they do not conflict." 1A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutory Construction § 22:34 at 395-96 (7th ed. 2007). When, within a common subject matter, some statutory provisions pertain to one set of circumstances and some to another, the judicial function is "to make

7

every effort to harmonize them, even if they are in apparent conflict." Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14 (2005) (citations omitted). In these circumstances, the statutes should be read in pari materia and construed in a manner that, to the extent possible, will give full effect to all of the provisions. Walcott v. Allstate New Jersey Ins. Co., 376 N.J. Super. 384, 391 (App. Div. 2005).

[Caltabiano v. Gill, 449 N.J. Super. 331, 341-42 (App. Div.), certif. denied, ___ N.J. ___ (2017).]

Finally, we reject plaintiff's due process argument for the same reasons it was rejected in the trial court. Plaintiff was on notice during the course of the disciplinary proceedings that an adverse determination would potentially negate his right to automatic reinstatement to sergeant in the future. He was represented by counsel in both proceedings. His waiver of a hearing and acceptance of the disciplinary sanctions did not violate his due process rights.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3814-15T1