800 A.2d 234 (2002)
352 N.J. Super. 414
Robert L. CAMP, Jr., Plaintiff-Respondent,
v.
Salvatore LUMMINO, Mary Lummino, Laura Lummino, Ann Marie Lummino, John Does and John Doe Business Entities, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 2002.
Decided June 28, 2002.
*235 Lawrence D. Lally, Cherry Hill, argued the cause for appellants (Lally, Holtzman, Gilligan & Quasti, attorneys; Mr. Lally, on the brief).
Jackeline Biddle, Middletown, argued the cause for respondent (Lynch Martin, attorneys; James Den Uyl, of counsel; Emily J. Springer, on the brief).
Before Judges STERN, EICHEN and COLLESTER.
The opinion of the court was delivered by STERN, P.J.A.D.
We granted leave to appeal from the denial of defendants' motion for summary judgment seeking to dismiss the complaint in this case which alleged social host liability. Plaintiff, who was below the legal drinking age at the time,[1] was injured in a single vehicle automobile accident on February 13, 1999, after he left a party at defendants' home. The accident occurred after the effective date of N.J.S.A. 39:6A-4.5(b) which was enacted on June 30, 1997 as part of chapter 151 of the laws of 1997. That statute provides:
Any person who is convicted of, or pleads guilty to, operating a motor vehicle in violation of R.S. 39:4-50, section 2 of P.L.1981, c. 512 (C.39:4-50.4a), or a similar statute from any other jurisdiction, in connection with an accident, shall have no cause of action for recovery of economic or non-economic loss sustained as a result of the accident.
Plaintiff pled guilty to violating N.J.S.A. 39:4-50 (driving while intoxicated) at the time of the accident in this case. Defendants argue that they are "entitled to summary judgment under N.J.S.A. 39:6A-4.5(b) as it disqualifies plaintiff from suit and does not conflict with N.J.S.A. 2A:15-5.6."[2] The Title 2A statute provides limited liability for a social host who serves alcoholic beverages to an adult of drinking age and sets out presumptions concerning the guest's appearance of visible intoxication for purposes of that liability. See generally Report of the Commission on Alcoholic Beverages Liability of New Jersey, in response to Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984), quoted in Componile v. Maybee, 273 N.J.Super. 402, 407-08, 641 A.2d 1143 (Law Div.1994). *236 We conclude that N.J.S.A. 2A:15-5.6 does not prohibit a suit by an underage drinker against a social host and that N.J.S.A. 39:6A-4.5(b) only implicates cases involving injuries or losses which are subject to coverage under Title 39.
The legislative history surrounding N.J.S.A. 39:6A-4.5(b) reflects that it was adopted as part of section 13 of L. 1997, c. 151, "An Act Concerning Automobile Insurance and Revising Various Parts of the Statutory Law." In fact, that section specifically amended chapter 6A of Title 39, relating to "Compulsory Automobile Liability Insurance" and "no fault" coverage, not title 2A or any provision of our statutes unrelated to compulsory automobile coverage.
As the statement to the bill (S.2223) which became chapter 151 of the Laws of 1997 makes clear, the Act was designed to address "various aspects concerning enforcement against insurance fraud," in other words to reduce automobile insurance fraud and, in turn, to reduce the cost of automobile insurance. In signing the bill into law on June 30, 1997, the Governor said that the statute would save drivers $150,000,000 a year in rate increases, and make automobile insurance more available to residents of the cities and "less vulnerable to fraud." The Commissioner of Banking and Insurance stated that the new law prevented the termination of the policies of good drivers and eliminated "expensive `surcharges' for a traffic ticket." The Star Ledger, July 1, 1997 at 1. In other words, the enactment of the statute of which N.J.S.A. 39:6A-4.5(b) is a part related to the ongoing endeavor in this State to reduce automobile insurance fraud and the cost of automobile insurance.
In this context, N.J.S.A. 39:6A-4.5(b) cannot be understood to affect the right of a driver who is under the legal drinking age, or third party injured by him or her, to bring an action against a host who illegally served intoxicating beverages. See, e.g., Dower v. Gamba, 276 N.J.Super. 319, 328, 647 A.2d 1364 (App.Div.1994), certif. denied, 140 N.J. 276, 658 A.2d 299 (1995); Morella v. Machu, 235 N.J.Super. 604, 609-10, 563 A.2d 881 (App.Div.1989). See also State ex rel D.J.F., 336 N.J.Super. 214, 764 A.2d 472 (App.Div.2001).[3] There is no contention before us that, but for N.J.S.A. 39:6A-4.5(b), either N.J.S.A. 2A:15-5.6 or the common law prevents an injured underaged driver from suing the responsible social host who served him or her. See AAA Mid-Atlantic v. Prudential Ins., 336 N.J.Super. 71, 73, 78, 763 A.2d 788 (App.Div.2000) (social hosts not liable to adult twenty-five years of age; N.J.S.A. 2A:15-5.5 to -5.8 prohibits "a first-party claim on behalf of the intoxicated driver"). Batten v. Bobo, 218 N.J.Super. 589, 528 A.2d 572 (Law Div.1986) (social host liable for injuries to minor guest-driver as well as third parties). See also Componile v. Maybee, supra (under N.J.S.A. 2A:15-5.6 and -5.7 "[a] social host may only be directly liable to minors and to third persons injured in automobile accidents"). We *237 thus decline to enlarge the scope of N.J.S.A. 39:6A-4.5(b) beyond the object of the bill as expressed in its title or the subject matter covered by the specific section of Title 39 it expressly amends. See Phillips v. State, Dept. of Defense, 98 N.J. 235, 244 n. 3, 486 A.2d 318 (1985); Swede v. City of Clifton, 39 N.J.Super. 366, 377-78, 121 A.2d 43 (App.Div.), aff'd, 22 N.J. 303, 125 A.2d 865 (1956); St. John the Baptist Greek Catholic Church v. Gengor, 121 N.J. Eq. 349, 353, 189 A. 113 (E & A. 1937).
N.J.S.A. 39:6A-4.5(b)[4] can hardly be said to immunize a third party who is responsible for the accident by serving an underage drinker. There is no suggestion in the statement to S. 2223 which, upon enactment, became L. 1997, c. 151, in the legislative history, or by the administration which pursued the automobile insurance reform in 1997, that N.J.S.A. 39:6A-4.5(b) affects actions unrelated to those involving coverage under N.J.S.A. 39:6A. Therefore, we find no reason to bar plaintiff's common law cause of action because it implicates no motor vehicle coverage and involves no cause of action which would be subject to coverage under Title 39. If, as defendants assert, N.J.S.A. 39:6A-4.5(b) was designed to penalize those who endanger highway safety by driving while intoxicated, the Legislature could not have intended to relieve those responsible for the intoxication of the drivers, and particularly those served while below the legal drinking age.
Our conclusion makes it unnecessary to consider plaintiff's argument that N.J.S.A. 39:6A-4.5(b) cannot in any event be applied in this case because his guilty plea was entered pursuant to R. 7:6-2(a)(1) which made the acknowledgment of guilt non-evidential in any civil proceeding. Nor do we have to decide the interaction of the rule and the statute, or whether the rule was designed to avoid a statutory bar to a cause of action, as opposed to the traditional admission of evidence in such an action. However, we refer to the Municipal Court Practice Committee the question of whether the rule should be amended or revised to some degree, as a matter of public policy, in light of the statute.
The order denying summary judgment is affirmed, and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] The parties at times call plaintiff a "minor." However, he was twenty years and ten months old at the time of the accident.
[2] The parties refer to N.J.S.A. 2A:15-5.5 to -5.8 because they appear to agree that the impact of N.J.S.A. 39:6A-4.5 with respect thereto would affect the issue before us. N.J.S.A. 2A:15-5.5 to -5.8 establishes social host liability for the serving of alcohol to a "guest who has attained the legal age to purchase and consume alcoholic beverages. The legislative history further indicates that the bill [was] not intended to affect the [then] current law regarding social hosts who serve individuals under the legal age to purchase and consume alcoholic beverages." Governor's Reconsideration and Recommendation Statement to S 1152 and 545, L. 1987, c. 404 (published in the annotation to N.J.S.A. 2A:15-5.5).
[3] The parties argue about whether N.J.S.A. 39:6A-4.5(b) repeals N.J.S.A. 2A:15-5.6 by implication and, if so, the impact of any such repealer with respect to suits by underage drivers. Repeal by implication is not favored. Mahwah Twp. v. Bergen Cty. Bd. of Taxation, 98 N.J. 268, 280-81, 486 A.2d 818, cert. denied, 471 U.S. 1136, 105 S.Ct. 2677, 86 L. Ed.2d 696 (1985). There must be clear and compelling evidence of an intent to repeal. Ibid. Here, the question is only whether there was an implied repealer with respect to the driver's ability to sue under a statute that would remain viable to others, including those served by the host and those injured by the driver. The issue is academic, however, because N.J.S.A. 2A:15-5.7 expressly prohibits a suit by a served person if he or she "attained the legal age."
[4] Other provisions of N.J.S.A. 39:6A-4.5 were simultaneously amended and created by L. 1997, c. 151, § 13.