813 A.2d 1288 (2002)
357 N.J. Super. 115
Francisco ROJAS, Plaintiff,
v.
Damon R. DePAOLO, Defendant.
Superior Court of New Jersey, Law Division.
August 30, 2002.
*1289 Thomas F. Reynolds, Absecon, for Plaintiff (Reynolds & Scheffler, L.L.C., Attorneys).
Robin J. Gottilla, for Defendant (Garvey, Ballou & Van Dyke, P.C., Attorneys).
PERSKIE, J.S.C.
On April 28, 1999, Plaintiff was operating his motor vehicle in Atlantic City when he was involved in an accident in which he was apparently injured. At the time of the accident Plaintiff's vehicle was not insured.[1] Defendant moves for summary judgment dismissing Plaintiff's complaint by reason of Plaintiff's failure to comply with the provisions of N.J.S.A. 39:6A-4.5(a) ("Section 4.5(a)"), which precludes a cause of action brought by a claimant who is required, but fails, to maintain medical expense benefits coverage.
The parties dispute Plaintiff's residence at the time of the accident, Defendant alleging that Plaintiff resided in New Jersey and Plaintiff insisting that he resided in Pennsylvania. For purposes of this motion, of course, the court must accept Plaintiff's assertion that he was a resident of Pennsylvania. R. 4:46-2(c). The issue thus presented is whether Section 4.5(a) applies to an uninsured non-resident of New Jersey and, if so, whether Plaintiff's complaint must therefore be dismissed.
N.J.S.A. 39:6A-3 is the basic provision of the mandatory insurance requirement of New Jersey's automobile insurance laws. This section provides that "[e]xcept as provided in [Section 3.1], every owner or registered owner of an automobile registered or principally garaged in this State shall maintain automobile liability insurance coverage ... [in specified amounts for various coverages]" (emphasis added). This language is explicitly applicable only to owners of vehicles registered or principally garaged in New Jersey.
Defendant argues that Plaintiff's claim is barred by Section 4.5(a), which provides that "[a]ny person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-4 or N.J.S.A. 39:6A-3.1] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile." The determination of this issue depends on whether, under either of these statutes ("Section 4" or "Section 3.1"), a non-resident of New Jersey "is required to maintain medical expense benefits coverage."
Section 4 requires, in relevant part, that "[e]xcept as provided in [Section 3.1], every standard automobile liability insurance policy ... shall contain personal injury protection benefits for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident ..." There is nothing in this language that would permit or require the application of this section to a non-resident of New Jersey. Section 3.1 provides that "[a]s an alternative to the mandatory coverages provided in [N.J.S.A. 39:6A-3 and -4], any owner or registered owner of an automobile registered or principally garaged in this State may *1290 elect a basic automobile insurance policy providing for [personal injury protection benefits and liability protection with specified minimum coverages]" (emphasis added). This language, of course, is expressly limited to owners of vehicles registered or principally garaged in New Jersey, and thus by its terms it is not applicable to Plaintiff.
Plaintiff argues that, in the absence of any express language extending the terms of the requirements of the statutes to uninsured out-of-state drivers, his complaint is not subject to dismissal. Defendant, on the other hand, correctly observes that the complaint of an uninsured New Jersey driver would be barred by the statute, and that insured out-of-state drivers are subject, in certain circumstances, to the "deemer" provisions of the act. Defendant argues that an uninsured out-ofstate driver should not be in a different position than either of these claimants. Notwithstanding the logic of Defendant's position, the immutable fact is that the Legislature has not (at least not yet) so determined.
In the remainder of Section 4.5, the Legislature has barred causes of action for economic and noneconomic losses by those who are convicted or plead guilty to operating under the influence or refusal to submit to a breath or blood test and those who act with the intent to cause injury while operating a motor vehicle. It is evident that the provisions of Sec. 4.5 were designed to further several of the purposes of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., to effect "the reduction or stabilization of the prices charged for automobile insurance" and "the streamlining of the judicial procedures involved in third-party claims." Gambino v. Royal Globe Ins. Cos., 86 N.J. 100, 105-6, 429 A.2d 1039 (1981); Mody v. Brooks, 339 N.J.Super. 392, 397, 772 A.2d 21 (App.Div.2001). Nevertheless, our courts have been reluctant to expand the scope of the legislative language beyond its terms. In Mody, supra, the Appellate Division reversed a trial court ruling that had extended the scope of Sec. 4.5(a) to bar a claim by an uninsured driver for property damage. The court ruled that the "plain language of the statute" barring claims for economic and noneconomic losses, when considered in the context of the legislative history, did not permit an extension of the statutory bar to a property damage claim. Id. at 402, 772 A.2d 21. In this context, then, a judicial determination that would "add" out-of-state residents to the category of those uninsured drivers barred by the statute would be inappropriate.
In a recent decision, the Appellate Division has narrowly construed the provisions of a related portion of the statute. In Camp v. Lummino, 352 N.J.Super. 414, 800 A.2d 234 (App.Div.2002), the court affirmed an order denying the defendants' motion for summary judgment. The defendants had argued that the provisions of N.J.S.A. 39:6A-4.5(b) precluded the plaintiffs cause of action, because the plaintiff, while underage, had consumed alcoholic beverages before becoming involved in an accident for which he was seeking damages from the social host at whose home he had been drinking. The court noted that the enactment of Sec. 4.5 is "related to the ongoing endeavor in this State to reduce automobile insurance fraud and the cost of automobile insurance" (opinion at 419, 800 A.2d 234). The court declined to "enlarge the scope" of the statute beyond its plain language, noting that "we find no reason to bar plaintiffs common law cause of action because it implicates no motor vehicle coverage and involves no cause of action which would be subject to coverage under Title 39" (opinion at 419, 800 A.2d 234). The same reasoning is applicable to *1291 the present application to "enlarge," in effect, the specific language of Sec. 4.5(a).
Nor is there anything in the text or interpretations of the other provisions of the statute that would lend support to Defendant's argument. There have been many reported decisions interpreting the provisions of Sections 3 and 4, and those of the "deemer statute," N.J.S.A. 17:28-1.4, in the context of out-of-state drivers who are insured, whether with companies authorized to do business in New Jersey or otherwise. However, there have apparently been no reported decisions applying the principles of these cases to uninsured outof-state drivers who are involved in an accident in New Jersey. In analyzing the implications of the deemer statute, by which New Jersey's automobile insurance laws are, in certain circumstances, made applicable to insured residents of other states who are involved in accidents in New Jersey, it is important to remember that the deemer statute is a "two-sided coin:" it subjects certain insured out-ofstate drivers to the limitations of the verbal threshold, but it also affords them the benefits of more extensive personal injury protection (PIP), uninsured motorist, and mandatory liability coverages than are typically provided by their own policies.
In Whitaker v. DeVilla, 147 N.J. 341, 687 A.2d 738 (1997), the Supreme Court determined that an insured out-of-state driver who had elected a full tort option in his insurance coverage, issued by an insurer authorized to do business in New Jersey, was nevertheless bound by New Jersey's verbal threshold limitation:
We are convinced that the Legislature expressly intended that the deemer statute, as amended, would impose the verbal threshold on all out-of-state insureds that sustain automobile accident injuries in New Jersey and whose policies were issued by insurers authorized to transact business in New Jersey. Nor do we consider it anomalous that the deemer statute would not impose the verbal threshold on non-residents insured by carriers not authorized to transact business in New Jersey. Those insureds, if involved in an automobile accident in New Jersey, would not receive the benefit of New Jersey's minimum mandatory liability coverage, uninsured motorist coverage, or personal injury protection coverage that the deemer statute mandates for non-residents insured through New Jersey authorized insurers. The legislative decision to impose the verbal threshold only on the latter class of non-resident insureds, in recognition of the substantial benefits conferred on those insureds by the deemer statute, constitutes a thoroughly rational and intelligible legislative classification.
The Legislature undoubtedly assumed that it could not compel insurers not authorized to transact business in New Jersey to provide non-resident insureds injured in New Jersey the minimum liability, uninsured motorist, and personal injury protection benefits mandated by the deemer statute, and absent the ability to provide those benefits to such nonresident insureds the Legislature may have perceived that the imposition of the verbal threshold would be unfair, inappropriate or unlawful. Although we express no view concerning the wisdom of that legislative judgment, we are persuaded that it constitutes a rational and understandable determination by the Legislature to attempt to contain the cost of automobile insurance premiums for New Jersey residents. Because nonresident insureds do not contribute to the costs incurred by New Jersey insurers in defending full tort option claims, the Legislature obviously recognized that allowing non-residents the benefit *1292 of the full tort option for damages incurred in New Jersey accidents inevitably would increase the liability exposure of New Jersey insurers and generate pressure for increased premiums. See Dyszel v. Marks, 6 F.3d 116, 127 (3d Cir.1993). The deemer statute is a pragmatic legislative response to that concern. [Id. at 356-57, 687 A.2d 738]
Whitaker makes clear that a nonresident who is insured by a company that is not authorized to do business in New Jersey may maintain a claim for economic and noneconomic losses whether or not the claimed injuries meet the verbal threshold, but such a claimant may not seek the benefit of the PIP and related provisions of the statute. There is no reason to treat an uninsured non-resident any differently, at least until the Legislature so mandates. No less than insured non-residents whose carriers are not authorized to do business in New Jersey, uninsured non-residents "do not contribute to the costs incurred by New Jersey insurers in defending full tort option claims," and therefore allowing such drivers the benefits of the "no-fault" provisions of the statute "inevitably would increase the liability exposure of New Jersey insurers and generate pressure for increased premiums." Ibid.
If an uninsured out-of-state driver cannot claim the benefits of the "no-fault" provisions of the statute, it would be anomalous, and possibly constitutionally inappropriate, to impose upon such a driver the statutory limitation on the right to sue for noneconomic loss. The structure of the statute effects a balance, compensating for the loss of the right to seek damages for noneconomic loss with the right to recovery of economic loss without regard to fault. There is no basis in the wording of the statute, nor any compelling policy justification, for a rule that would apply to an uninsured out-of-state driver only the threshold limitations of the act.
Nor is there any basis, in law or logic, for a rule that would, without legislative direction, extend to uninsured out-of-state drivers the explicit provision that precludes a cause of action for economic and noneconomic losses by an uninsured New Jersey resident. If the Legislature intended such a result, it would of course not have included the specific limitations found in Sections 3 and 3.1 ("... owner or registered owner of an automobile registered or principally garaged in this State"). Indeed, in Whitaker the Supreme Court noted a number of possible reasons that might have been considered by the Legislature in limiting the scope of these provisions of the statute. Whitaker, supra, at 356, 687 A.2d 738. And, as noted, declining to extend the limitations of the statute to outof-state uninsured drivers merely puts such drivers in the same posture as nonresidents who are insured with companies not authorized to do business in New Jersey. Such comparable postures do not appear to do any violence to either the letter or the underlying purposes of the statutory scheme.
Defendant's motion is therefore denied. An appropriate order has been entered and will be distributed with this opinion.
NOTES
[1] The parties initially disputed this fact, but I am satisfied that Plaintiff's belief that he had valid insurance as of the date of the accident is erroneous; he was apparently the victim of a scam, because the "insurance card" that he presented to the police at the accident scene, purportedly demonstrating his insured status, is (concededly) a forgery and he offered no other proof of insurance to the police or to the court.