**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4782-17T3

FRANK DEGENNARO,

    Plaintiff-Appellant,

v.

PHILO CHAPMAN,

    Defendant-Respondent.

_____

Argued May 16, 2019 – Decided July 8, 2019

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0250-17.

Michael T. Novick argued the cause for appellant (Brown, Novick & McKinley, attorneys; Michael T. Novick, on the briefs).

John V. Mallon argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Kelly A. Weber, on the brief).

PER CURIAM

Plaintiff Frank DeGennaro appeals from a May 25, 2018 order entered by Judge Timothy W. Chell granting summary judgment to defendant Philo Chapman based on the court's finding that plaintiff was unlicensed, uninsured, and therefore barred from bringing a claim for economic and non-economic losses under N.J.S.A. 39:6A-4.5(a).  We affirm.

I.

We discern the following undisputed facts from the record and view the facts and all reasonable inferences therefrom in the light most favorable to the party against whom summary judgment was entered.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

On June 6, 2015, plaintiff and defendant were involved in a motor vehicle accident in Buena during which plaintiff suffered injuries.  At the time of the accident, plaintiff was operating a vehicle owned by his former girlfriend, Brandie Moore, a Texas resident, and he was uninsured for medical expenses benefits coverage as required under N.J.S.A. 39:6A-3.1, -3.3, and -4.  He resided in Texas with Moore for two years before moving to New Jersey.  Plaintiff did not have a valid driver's license on the date of the accident, and Moore's vehicle was not insured or registered in this State.  According to plaintiff, Moore gave him permission to use her vehicle, while she was incarcerated in Texas at the

A-4782-17T3

time of his accident. Previously, Moore insured her vehicle in Texas with Old American County Mutual Fire Insurance Company, and she was listed as the sole driver on the policy. The coverage was cancelled on May 4, 2015, thirty-one days before plaintiff's accident.

Prior to the accident, plaintiff had been residing with his girlfriend Denise Roach in Mullica Hill for approximately two months. Plaintiff testified that Roach owns several vehicles but he had no information as to whether they were insured. Before that time, plaintiff was residing with his father in Salem for six months; therefore, plaintiff was residing in this State for at least eight months prior to the accident. Plaintiff alleges he had no knowledge that Moore's insurance policy was cancelled. At the accident scene, plaintiff turned over insurance information to the investigating officer; and the state insurance identification code and policy number provided did not match Moore's cancelled policy information, which bore a Texas registration number.[1] At his deposition, plaintiff testified his New Jersey driver's license was suspended because of a driving while intoxicated conviction but at the accident scene, he stated to the officer that he "ha[s] a Texas license, but I don't know if it was legit." The police

---

[1] Moore's policy number was TEJ741034. Her policy was originally set to expire on June 4, 2015, but had been cancelled as of May 4, 2015.

A-4782-17T3

report stated that plaintiff's address was 1801 Sunnydell Avenue, Waco, Texas, which he confirmed was his address prior to moving to New Jersey.

Defendant moved for summary judgment, claiming that plaintiff was barred from bringing suit under N.J.S.A. 39:6A-4.5(a). The judge granted the motion and found:

> [P]laintiff was living in New Jersey for approximately eight months prior to this accident and during that time, he exercised control over the vehicle. The [c]ourt finds that he utilized it for his own personal reasons, filling the vehicle with gasoline as needed and maintaining the vehicle in operable condition. The [c]ourt finds that although Ms. Moore may have been the registered owner of the vehicle, plaintiff was effectively the beneficial owner of, and clearly had an interest in, the vehicle as he had possession and control of the vehicle at all times relevant to this motion. The [c]ourt finds that as the beneficial owner of the vehicle, plaintiff failed to register and insure the vehicle in New Jersey, and this precludes plaintiff from contributing to the New Jersey PIP[2] system. The [c]ourt finds that, therefore, plaintiff is not entitled to pursue a claim for bodily injury.

The judge also noted that:

> There is no doubt that if the Legislature intended that an applicant for insurance be the title owner or the registered owner [then] the statute would explicitly say so. One must assume, in interpreting statutes that the Legislature chooses its words carefully. Therefore, the fact that the word "owner" was used rather than "title

---

2 Personal Injury Protection.

owner" or "registered owner[,"] and the fact that it can be assumed that the Legislature was aware of prior judicial construction given to the word "owner," are clear indications that the [L]egislature intended that the word owner could mean any person having an interest in the vehicle, even if that person was not the title or registered owner of the vehicle.

On appeal, plaintiff argues that the judge erred in granting defendant's motion for summary judgment by improperly applying N.J.S.A. 39:6A-4.5(a) to bar plaintiff's claim; plaintiff's constitutional rights were violated; and the judge improvidently relied upon N.J.S.A. 39:3-17.1, which is inapplicable since he was not a beneficial owner of Moore's vehicle under the explicit language of N.J.S.A. 39:3-15.

II.

We conduct a de novo review of the trial court's decision on defendant's motion and apply the same standard as the trial court for granting a motion for summary judgment. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). We view the evidence in the light most favorable to the non-moving party, determine if there are any genuine issues of material fact in dispute, and decide whether the motion judge correctly found that the moving party was entitled to judgment as a matter of law. Brill, 142 N.J. at 540. Issues of law are subject to the de novo standard of review, Manalapan Realty, LP v. Manalapan

Twp. Comm., 140 N.J. 366, 378 (1995), and we "do not defer to the trial court's . . . interpretation of 'the meaning of a statute[.]'" Davis, 219 N.J. at 405 (quoting Nicholas v. Mynster, 213 N.J. 463, 478 (2013)).

When interpreting a statute, we are required to determine the "intent of the Legislature[,]" Hardy v. Abdul-Matin, 198 N.J. 95, 101 (2009), and must first consider the plain language of the statute because that is the best indicator of legislative intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). We are to

> "ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." [Hardy, 198 N.J. at 101.] . . . Courts are cautioned against "rewrit[ing] a plainly-written enactment of the Legislature or presum[ing] that the Legislature intended something other than that expressed by way of the plain language." [Ibid.] If the language is "clear on its face," courts should "enforce [the statute] according to its terms."
>
> However, "where a literal interpretation would create a manifestly absurd result, contrary to public policy, the spirit of the law should control." [Hubbard v. Reed, 168 N.J. 387, 392 (2001).] . . . Accordingly, "when a 'literal interpretation of individual statutory terms or provisions' would lead to results 'inconsistent with the overall purpose of the statute,' that interpretation should be rejected." [Id. at 392-93.]
>
> [Perrelli v. Pastorelle, 206 N.J. 193, 200-01 (2006) (second, third, and fourth alterations in original) (citations omitted).]

A-4782-17T3

Plaintiff does not contend there were any genuine issues of material fact in dispute that precluded the proper granting of defendant's motion for summary judgment. He asserts only that the court erred in its legal conclusion that plaintiff's claims against defendant are barred under N.J.S.A. 39:6A-4.5(a) because of plaintiff's admitted failure to maintain medical benefits expense coverage. We therefore turn our attention to the court's application of the statute to the undisputed facts here.

N.J.S.A. 39:6A-4.5(a) provides:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-4], [N.J.S.A. 39:6A-3.1], or [N.J.S.A. 39:6A-3.3] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

There is no question that plaintiff failed to maintain the mandated medical expense benefits coverage required under N.J.S.A. 39:6A-4.5(a). He argues however, that he should be exempted from the statutory bar to suit because he had no reason to know he was uninsured on the date of the accident, he believed it was fully insured with A-Max Insurance in Texas, he had no knowledge Moore's policy with Old American was cancelled thirty-two days before the

accident, he was not married to Moore, he had no interest in her vehicle, had no beneficial interest in her vehicle, and he owned no car of his own. We disagree.

We are satisfied that the plain language of N.J.S.A. 39:6A-4.5(a) bars plaintiff's claims against defendant. The statute expressly provides that a person, such as plaintiff, who "fails to maintain medical expense benefits coverage . . . shall have no cause of action for recovery of economic or noneconomic loss[.]" N.J.S.A. 39:6A-4.5(a). Plaintiff does not argue the language is ambiguous and acknowledges that "[o]n its face, the statute deprives an uninsured motorist of the right to sue for any loss caused by another[.]" Aronberg v. Tolbert, 207 N.J. 587, 598 (2011).

If the words of a statute are clear, a court should not infer a meaning other than what is plainly written in the statute. Hardy, 198 N.J. at 101. "Only 'if there is ambiguity in the statutory language that leads to more than one plausible interpretation' do we turn to extrinsic evidence, such as 'legislative history, committee reports, and contemporaneous construction.'" Aronberg, 207 N.J. at 598 (quoting DiProspero, 183 N.J. at 492-93). We are convinced that because it was undisputed that plaintiff was uninsured at the time of the accident, the court correctly concluded that the plain language of N.J.S.A. 39:6A-4.5(a) required the dismissal of plaintiff's claims.

New Jersey's No Fault Act (the Act), N.J.S.A. 39:6A-1 to -35, was "intended to serve as the exclusive remedy for payment of out-of-pocket medical expenses arising from an automobile accident." Caviglia v. Royal Tours of Am., 178 N.J. 460, 466 (2004). The protections provided by the Act were meant to completely replace the court-oriented fault system that was perceived to be too inefficient. Id. at 467.

> The Legislature had four objectives in reforming the automobile accident tort system: (1) providing benefits promptly and efficiently to all accident injury victims (the reparation objective); (2) reducing or stabilizing the cost of automobile insurance (the cost objective); (3) making insurance coverage readily available for automobile owners (the availability objective); and (4) streamlining judicial procedures involved in third-party claims (the judicial objective).
>
> [Ibid.]

The original legislation, which did not include N.J.S.A. 39:6A-4.5, was not successful in slowing the rise of insurance costs or lessening the burden on the court system. Id. at 467-68. To address the issue of rising costs, the Legislature created the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act (Cost Containment Act), which "gave motorists the option of reducing insurance premiums by increasing deductibles and reducing

A-4782-17T3

benefits" and excluded some categories of motorists from claiming PIP benefits. Id. at 468.

The Cost Containment Act did not sufficiently reduce insurance costs. As a result, the Legislature enacted N.J.S.A. 39:6A-4.5. Id. at 469. The original version of the statute required motorists to meet a $1500 medical-expense threshold in order to sue for noneconomic damages, and a 1988 amendment to the statute changed the requirement to a verbal threshold. Id. at 469-70. In 1997, the Legislature amended the statute to its current form, creating a complete bar to recovery for certain motorists, including those who operate an automobile without having medical expense benefits coverage. Id. at 470.

"N.J.S.A. 39:6A-4.5[(a)] advances a policy of cost containment by ensuring that an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he did not contribute." Id. at 471. In finding the statute was constitutional, the Court in Caviglia declined "to second-guess the Legislature's common-sense reasoning that section 4.5[(a)] has the potential to produce greater compliance with compulsory insurance laws and in turn, reduce litigation, and result in savings to insurance carriers and ultimately the consuming public." Id. at 477.

A-4782-17T3

N.J.S.A. 39:6A-4.5(a) does not include a requirement that an uninsured motorist have a culpable state of mind and does not exempt motorists who have a good faith belief that they have medical expense benefits coverage. The requirements of N.J.S.A. 39:6A-4.5(a) are triggered where the "owner or registrant of an automobile registered or principally garaged in this State that was being operated without personal injury protection coverage[.]" N.J.S.A. 39:6A-7(b)(1) (emphasis added). With regard to residency and timing, N.J.S.A. 39:3-17.1(b) requires that:

> Any person who becomes a resident of this State and who immediately prior thereto was authorized to operate and drive a motor vehicle . . . in this State as a nonresident pursuant to [N.J.S.A. 39:3-15] and [N.J.S.A. 39:3-17], shall register any vehicle operated on the public highways of this State within [sixty] days of so becoming a resident of New Jersey, pursuant to [N.J.S.A. 39:3-4] or [N.J.S.A. 39:3-8.1].

Our jurisdiction supports an interpretation of N.J.S.A. 39:6A-4.5 whereby strict, title ownership is not necessary to support a finding of ownership under the statute. See Verriest v. INA Underwriters Ins. Co., 142 N.J. 401, 409 (1995) ("Despite the lack of legal title, the true owner is the person who maintains 'possession and control of the automobile.'" (quoting Bohannon v. Aetna v. Cas. & Sur. Co., 212 Cal. Rptr. 848, 850 (1985))); Dzibua v. Fletcher, 382 N.J. Super.

11

73, 78 (App. Div. 2005) (holding the statutory language "owner or registrant" implies that the owner may not be the registrant).

In short, "[N.J.S.A. 39:6A-4.5(a)] bars the culpably uninsured (those vehicle owners required by statute to maintain PIP coverage but who have failed to do so) when injured while operating an uninsured vehicle." Craig & Pomeroy, New Jersey Auto Insurance Law, § 15:5-2 (2019); Perrelli, 206 N.J. at 208 (declining to accept plaintiff's argument that her belief the vehicle was insured was enough to preclude the operation of N.J.S.A. 39:6A-4.5(a)).

Furthermore, New Jersey has a "strong public policy against the proliferation of insurance fraud[.]" Palisades Safety & Ins. Ass'n v. Bastien, 175 N.J. 144, 151 (2003). The State also has a strong public policy of compensating third parties for losses sustained in automobile accidents. See id. at 152; Fisher v. N.J. Auto. Full Ins. Underwriting Ass'n, 224 N.J. Super. 552, 557-58 (App. Div. 1988). We have noted "[a] strong public policy favors the protection of the Fund's financial integrity, and thus, the Fund must 'be administered in a fashion to assure that only those persons legitimately entitled to participate in its benefits are paid therefrom.'" Esdaile v. Harsfield, 245 N.J. Super. 591, 595 (App. Div. 1991) (citation omitted) (quoting Douglas v. Harris,

A-4782-17T3

35 N.J. 270, 279 (1961)), rev'd on other grounds, Esdaile v. Angle, 126 N.J. 426 (1992).

Here, the judge correctly determined that plaintiff was required to maintain insurance because he was the constructive and beneficial "owner" of the vehicle, he exercised dominion and control over Moore's vehicle at the time of the accident, and plaintiff drove the vehicle daily for eight months leading up to the accident. Plaintiff argues that Dziuba stands for a much narrower proposition limited to the facts of that case, wherein two married plaintiffs were deemed constructive "owners" of the vehicle, even though only one spouse registered the vehicle in their individual name. We reject plaintiff's narrow interpretation of the holding in Dziuba. Our decision was not based on the parties' marital status, but merely applied the well-accepted principles of constructive ownership in respect of a married couple. Dziuba, 382 N.J. Super. at 78.

### III.

Next, plaintiff argues that his constitutional rights were violated because he has a "constitutionally protected right to redress from the negligent driver who caused him significant losses." In support of his argument, plaintiff contends Caviglia, a case raised sua sponte by the judge, supports the

proposition that the class of persons intended to be excluded from the statutory right to sue is "narrowly tailored" and that "plaintiff . . . simply does not fit that narrow category." We disagree. The <u>Caviglia</u> Court recognized the Legislature's "comprehensive" expansion of N.J.S.A. 39:6A-4.5(a). We emphasize that plaintiff cannot even be considered a permissive user here because he did not possess a valid driver's license.

In further support of his theory, plaintiff relies upon <u>Perrelli</u>, where our Supreme Court held that N.J.S.A. 39:6A-4.5(a) precluded recovery to an individual who was a passenger in an uninsured vehicle she owned at the time of the accident. 206 N.J. at 208. Plaintiff contends <u>Perrelli</u> stands for the proposition that our Legislature only intended to penalize individuals who owned uninsured vehicles. We reject plaintiff's claim because unlike <u>Perrelli</u>, he was an unlicensed driver and not a passenger, he was a beneficial owner of Moore's vehicle, and ownership is not congruent with title ownership. Moore's constitutional rights to her vehicle were not violated as argued by plaintiff, who lacks standing to assert a claim on her behalf, and no legal authority has been cited by plaintiff to advance this argument.

Plaintiff next argues that the judge erroneously expanded the class of citizens meant to be penalized by the statute, and plaintiff cites to <u>Rojas v.</u>

Depaolo, 357 N.J. Super. 115 (Law Div. 2002). Rojas involved a Pennsylvania resident, who was driving an uninsured vehicle in this State and he was involved in a collision. Id. at 117. The court found that the plaintiff was not subject to the penalty provision set forth in N.J.S.A. 39:6A-3 because that language is expressly limited to owners of vehicles registered or garaged in this State, and is inapplicable to an out-of-state plaintiff, and our Legislature did not intend to exclude out-of-state drivers from "deemer" protections, concluding it would be inappropriate to "add" out-of-state residents to the category of those uninsured vehicles barred by the statute. Id. at 120.

Plaintiff also cites to two other cases in support of his argument, Camp v. Lummino, 352 N.J. Super. 414, 418 (App. Div. 2002) (declining to "enlarge the scope" of the statute because the action was a social host theory against a homeowner who served alcoholic beverages to a minor, and did not implicate motor vehicle coverage), and Mody v. Brooks, 339 N.J. Super. 392, 394 (App. Div. 2001) (holding the statutory bar does not extend to property damage claims).

Rojas is not binding precedent, and the holdings in Camp and Mody are factually distinguishable because they do not address the pivotal issue of plaintiff being a constructive owner of the Moore vehicle. Moreover, the judge

15

correctly distinguished <u>Rojas</u> as irrelevant because it involved a nonresident. Furthermore, <u>Lummino</u> and <u>Mody</u> are not analogous because different types of damages and legal theories are presented in these cases having no factual or legal bearing on the issue of constructive or beneficial ownership of a vehicle.

IV.

Finally, plaintiff argues that the judge erroneously relied upon N.J.S.A. 39:3-17.1 in dismissing his case because that section of the statute only applies to vehicle owners. Once again, plaintiff's argument is devoid of any merit because the judge properly determined that plaintiff was the beneficial owner of the Moore vehicle. Plaintiff cites to the Touring Privileges statute, N.J.S.A. 39:3-17, and argues that the word "owner" as referred to in the statute, could only refer to a title owner, and our State does not allow an individual to register a vehicle which they only "constructively" own.

Our insurance statutes, subject to certain exceptions, defines an "eligible person" who can obtain auto coverage under the terms of the Fair Automobile Insurance Reform Act, N.J.S.A. 17:33B-13 to -21, as follows: "'Eligible person' means a person who is an owner or registrant of an automobile registered in this State or who holds a valid New Jersey driver's license to operate an automobile[.]" N.J.S.A. 17:33B-13. Similarly, a portion of the insurance

A-4782-17T3

regulations similarly defines the qualifications of an "eligible person" in N.J.A.C. 11:3-34.4 with the following language, subject to certain exceptions:

> (a) An "eligible person" is a person who is an owner or registrant of an automobile registered and principally garaged in this State or who is a resident and holds a valid New Jersey driver's license to operate an automobile[.]
>
> . . . .
>
> (b) An "eligible person" includes a person who is an owner or registrant of an automobile registered in this State or who holds a valid New Jersey driver's license to operate an automobile and is domiciled in this State who is temporarily residing out-of-State and whose car may be principally garaged in another state while the person either is a full time student or is in the military service and is stationed out-of-State.
>
> [N.J.A.C. 11:3-34.4(a) and (b).]

These provisions arguably signify that, absent possession of a valid New Jersey driver's license, an individual is not an "eligible person" unless he or she has an automobile that is both "registered" and "principally garaged" in this State. The fact remains that plaintiff was an unlicensed driver operating an unregistered and uninsured vehicle. N.J.S.A. 39:6A-4.5(a) has been described as a "blunt tool" that may result in harsh outcomes, but that is because "[t]he statute's self-evident purpose" is "to give the maximum incentive to all motorists to comply with this State's compulsory no-fault insurance laws." Aronberg, 207

N.J. at 599, 601. Harsh consequences, however, do not permit a departure from the express language in the statute because "[i]t is not within [the court's] province to second guess the policymaking decisions of the Legislature when no constitutional principle is at issue." Id. at 602.

We conclude that the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4782-17T3