**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1519-23

RAMON AGUSTIN HERNANDEZ,

    Plaintiff-Appellant,

v.

HANNAH B. KURTZ and ERIC
V. KURTZ,

    Defendants-Respondents,

and

MICHAEL A. TITA and
KIMBERLY TITA,

    Defendants.

_____

Submitted December 2, 2024 – Decided December 17, 2024

Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4440-22.

Wysoker, Glassner, Weingartner, Gonzalez & Lockspeiser, PA, attorneys for appellant (Deanna M. Fisher, on the brief).

Voss Nitsberg DeCoursey & Hawley, attorneys for respondents (Donna E. Geoghan, of counsel and on the brief).

PER CURIAM

Plaintiff, Ramon Agustin Hernandez, appeals the trial court's December 15, 2023 order granting summary judgment to defendants[1] Hannah B. Kurtz and Eric V. Kurtz, dismissing his complaint against them stemming from an automobile accident. The motion judge concluded plaintiff was barred from recovering damages from defendants pursuant to N.J.S.A. 39:6A-4.5(a), a provision within our State's automobile insurance laws that disallows such monetary recovery by certain plaintiffs who lack required New Jersey coverage. We affirm, as there are no genuine issues of material fact in this record that could render the lawsuit prohibition of N.J.S.A. 39:6A-4.5(a) inapplicable.

To give context to the facts and procedural history of this case, we first provide a brief overview of the applicable statutes and laws. N.J.S.A. 39:6B-1(a) mandates that "[e]very owner or registered owner of a motor vehicle registered or principally garaged in this State shall maintain . . . motor vehicle liability insurance coverage, under provisions approved by the Commissioner of

---

[1] Defendants Michael A. Tita and Kimberly Tita were dismissed from this action with prejudice and without costs by stipulation.

Banking and Insurance . . . ." (Emphasis added). Those prescribed coverages included, as of the times relevant to this case for policies issued before January 1, 2023, a $15,000 minimum level of coverage for Personal Injury Protection ("PIP") benefits under N.J.S.A. 39:6A-3(a) and N.J.S.A. 39:6A-4.

The statutes do not define the term "principally garaged." However, we have broadly construed the term to mean "the physical location where an automobile is primarily or chiefly kept or where it is kept most of the time." Chalef v. Ryerson, 277 N.J. Super. 22, 27 (App. Div. 1994). The physical location standard is objective; a vehicle owner's subjective intent about which state has a greater nexus to the vehicle is not controlling. Id. at 28. However, if a vehicle is principally garaged and insured in another state (by an insurer that also does business in New Jersey) and is involved in an accident in New Jersey, our so-called "deemer provisions" will deem that the vehicle has at least the minimum levels of coverage required in our State. N.J.S.A. 17:28-1.4; see, e.g., Rojas v. DePaolo, 357 N.J. Super. 115, 120 (Law Div. 2002).

The statutes do not specify a time period that must elapse in order for a vehicle to be regarded as "principally garaged" in this State. The mandatory coverage obligation of N.J.S.A. 39:6B-1 does not apply to "a transient out-of-state visitor who might be in the State." State v. Arslanouk, 167 N.J. Super.

387, 392 (App. Div. 1979). In <u>Arslanouk</u>, the court ruled, with the State's acquiescence, that the five-week presence in New Jersey of a car owner from California, who came to this State temporarily to visit his sick father, was insufficient to trigger the statute. <u>Id.</u> at 391–92.

The critical statutory provision that supported the trial court's summary judgment order in the present case is N.J.S.A. 39:6A-4.5, which bars certain classes of persons from suing for personal injuries sustained in automobile accidents in this State. The class of persons who are subject to this lawsuit restriction is expressed in N.J.S.A. 39:6A-4.5(a), as follows:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-3.1, -3.3 or -4] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.
>
> [N.J.S.A. 39:6A-4.5(a).]

The Supreme Court upheld the constitutionality of this provision in <u>Caviglia v. Royal Tours of Am.</u>, 178 N.J. 460, 478–79 (2004). The statute "advances a policy of cost containment by ensuring that an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he did not contribute." <u>Id.</u> at 471. This, in turn, "gives the uninsured driver a very powerful

4

incentive to comply with the compulsory insurance laws: obtain automobile liability insurance coverage or lose the right to maintain a suit for both economic and noneconomic injuries." Ibid. Notably, the lawsuit bar applies only to owners of vehicles that are registered or principally garaged in this State. Rojas, 357 N.J. Super. at 119.

In sum, the insurance statutes do not prescribe a time interval for when a vehicle should be deemed principally garaged in this State. By contrast, our motor vehicle statutes provide owners with a sixty-day grace period for obtaining a New Jersey motor vehicle registration after relocating to New Jersey. Specifically, N.J.S.A. 39:3-17.1(b) states, in pertinent part, the following:

> Any person who becomes a resident of this State and who immediately prior thereto was authorized to operate and drive a motor vehicle or motor vehicles in this State as a nonresident . . . shall register any vehicle operated on the public highways of this State within [sixty] days of so becoming a resident of New Jersey[.]
>
> [N.J.S.A. 39:3-17.1(b).]

This sixty-day grace period for registration is not triggered by ascertaining when a vehicle becomes principally garaged here. Instead, it is triggered when the vehicle owner "becomes a resident of this State." Ibid.

With this backdrop of the applicable laws in mind, we turn to the record in this case. As is our obligation, we view the facts in the record in a light most

5

favorable to plaintiff as the non-moving party on summary judgment. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the allege disputed issue in favor of the non-moving party." Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). "We review a grant of summary judgment de novo, applying the same standard as the trial court." Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 611 (2020).

The record presents the following relevant facts and circumstances. On August 20, 2021, plaintiff was injured when the car he owned and was driving was struck in the rear on a New Jersey road by Hannah Kurtz, who was driving a car owned by Eric Kurtz. Plaintiff reported injuries at the scene and was transported to a hospital for treatment. At the time of the accident, plaintiff had a driver's license issued by the state of Maryland, and his vehicle was insured and registered in Maryland. Plaintiff's Maryland insurance policy, issued by Allstate, provided him with basic PIP coverage, as mandated under Maryland insurance laws, of $2,500 per person. It is undisputed that $2,500 in coverage is below the $15,000 in PIP coverage then mandated under New Jersey law.

A-1519-23

As a result of injuries sustained in the accident, plaintiff sued the Kurtzes for damages in the Law Division.  Defendants assert that plaintiff is barred from suing them for damages under N.J.S.A. 39:6A-3 (and, relatedly, under N.J.S.A. 39:6A-4.5(a)) because his car was uninsured and "principally garaged" in New Jersey at the time of the August 2021 accident.

These residency and garaged location issues were explored in depth at plaintiff's deposition.  In his deposition testimony, plaintiff recounted that he began living in New Jersey initially in either 2001 or 2003.  He moved to Maryland in "2007, 2008[,] [a]round that time" and lived there for "eight years, maybe six," later testifying he lived in Maryland for "about six years, more or less."  Plaintiff moved back to New Jersey in 2021, and asserts he rented a room in his brother-in-law's home.  He remained living in New Jersey from that point on.

Critical to the statutory issue before us, plaintiff testified that at the time of his deposition on June 2, 2023 he had been living in New Jersey for "about two and a half years, more or less."  He further testified that he lived in New Jersey for "about three months, more or less, approximately" before the August 20, 2021 accident.  He stated he had owned the automobile involved in the accident for "either two [or] three years before" the day of the accident.

7

Plaintiff further acknowledged he was living in New Jersey when Allstate sent him a letter on July 9, 2021, concerning renewing his Maryland car insurance. The letter, a copy of which is in the record, preceded the subject accident by about a month and a half. The policy renewal period was slated to begin on August 30, 2021.

It is undisputed that as of the time of the accident, plaintiff had not registered his car in New Jersey, nor had he procured a New Jersey auto insurance policy. He claimed at his deposition that he had spoken with Allstate on the phone after receiving the renewal letter and told them he "was in the process of renewing and getting [his] license here in New Jersey."

The motion judge concluded from this evidence that plaintiff lacked the required New Jersey coverage at the time of the accident and is therefore prohibited by N.J.S.A. 39:6A-4.5(a) from recovering damages from defendants. In his oral opinion, the judge focused particularly on the sixty-day grace period for car registration, and plaintiff's acknowledgment that he had been living in New Jersey for a longer period of "about three months, more or less."

On appeal, plaintiff argues that summary judgment should be vacated because there are alleged genuine material issues of fact bearing upon the timing

of when plaintiff began residing and garaging his car in New Jersey.[2]  Plaintiff contends the imprecise wording of his deposition answers creates a triable issue as to whether the accident occurred within the sixty-day registration grace period.

We reject plaintiff's arguments for several reasons.  First, the sixty-day grace period for vehicle registration is not dispositive of the separate question of when plaintiff's vehicle was "principally garaged" here.  The compulsory coverage statute, N.J.S.A. 39:6A-3, and the related provisions in -3.1 and in -3.3(b) pertain to the owner of an automobile "registered or principally garaged in this State."  (Emphasis added).  The statutes' use of the disjunctive term "or" signals that registering and principally garaging a car are two independent acts that can trigger the compulsory coverage levels.  "Generally courts presume that 'or' is used in a statute disjunctively unless there is clear legislative intent to the contrary."  Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 21:14 (7th ed. rev. Nov. 2024).  See, e.g., Cox v. Sears Roebuck & Co., 138 N.J. 2, 19 (1994) (applying this principle); Alexander v. Bd. of Rev.,

_____

[2]  Plaintiff also had asserted to the motion judge that the interpreter used at his deposition misunderstood some of his testimony and that the shorthand reporter was not properly licensed, but his brief on appeal does not repeat those contentions.

405 N.J. Super. 408, 417 (App. Div. 2009) ("'Or' is ordinarily considered to be a disjunctive particle").

Sensibly construed, the statutory "principally garaged" provision denotes that the car owner should obtain the requisite New Jersey minimum coverages promptly and within a reasonable period of time after garaging the vehicle here. The trial court reasonably concluded from the words plaintiff used at his deposition ("about three months, more or less, approximately") that he should have acted sooner. Plaintiff did not come forward with a lease, rent payments, utility bills, or other counterproof documentation showing that he had been living in New Jersey for less than the three months he had estimated in his testimony. Plaintiff's counter-statement of material facts submitted pursuant to Rule 4:46-2(b) merely reiterated his deposition testimony. It presented no additional facts bearing on his residency. He did not provide any evidence the car was being garaged elsewhere. Given the strong public policies underlying the statute, the trial court did not err in enforcing it here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10